By the Court. Duer, J.
In our opinion, the only reasonable interpretation of the defendant’s answer, is, that it admits the fact of underletting, and denies merely that the act was a violation of his covenant, and without the consent of the plaintiff. The denial that the underletting was a breach of his covenant, as denying a conclusion of law, and not the existence of a fact, must be rejected as immaterial. And if the answer is to be construed as averring that the plaintiff gave his consent to the underletting, this was a matter of defence, the burden of proving which rested upon the defendant. The plaintiff was not bound to prove a negative, and in proving the execution and contents of the lease, gave all the evidence that under the pleadings was requisite to maintain the action. (Mann v. Morewood, 5 Sand., p. 557; Catlin v. Gunter, ante, p. 253.)
The objection that no proof was given of an actual entry by the plaintiff previous to the commencement of the suit, is answered by that provision in the R. S. to which we were referred on the argument (2 R. S. 2d Ed. p. 233, or p. 306), and which we construe as dispensing with the necessity of such proof in all cases whatever.* The commencement of a suit for *588 the recovery of the land is now equivalent to an entry at common law, and the right of the plaintiff to enter and take possession is all that he is bound to prove upon the trial. It is this construction, as we read the opinion of Ch. J. Savage, which the Supreme Court gave to the statute in the case -of Siglar v. Van Riper (20 Wend. 414). It is true that the section in the R. S. containing the provision in question is found in the title which treats of the action of ejectment, and that this action, in its name and form, has been abolished by the Code; but the provision relates, not to the form of the action, but to the nature of the proof to be given on the trial, and is, therefore, in our judgment, one of those general provisions which the Code has expressly declared shall be retained (Code, § 455).
Judgment upon the verdict must be entered for the plaintiff.

 The following is the section referred to:—g 25. “It shall not be necessary for the plaintiff to prove an actual entry under title, nor the actual receipt of any profits of the premises demanded; but it shall be sufficient for him to show *588 a right to the possession of such premises, at the time of the commencement of the suit, as an heir, devisee, purchaser, or otherwise,” The words “ or otherwise” were plainly inserted to cover a conditional right of entry, since all other cases are covered by the previous words.