## WALL *v.* THE BUFFALO WATER WORKS COMPANY.

In an action for damages caused by the negligence of the defendant in leaving a ditch open and unguarded in a highway, the complaint stated that the plaintiff fell into it "without any fault or want of care on his part." The answer denied "that the plaintiff, without any fault or want of care on his part, did fall therein:" *Held*, that this put in issue the falling into the ditch, as well as the exercise of proper care by the plaintiff.

Such ambiguity in an answer is the proper subject for a motion that it be made more definite and certain, under § 160 of the Code. When the plaintiff goes to trial without availing himself of that remedy, the answer is to be taken most strongly against him.

APPEAL from the Superior Court of the city of Buffalo. Action to recover damages for an injury sustained by the

plaintiff, by falling into an excavation made by the defendant, in a street in Buffalo, in putting down their water pipes. The complaint alleged that the ditch was very negligently left open by the defendant, and it stated the injury to the plaintiff as follows: "That on or about, &c., and about the hour of ten o'clock in the evening of that day, the plaintiff fell into said ditch or trench. That he so fell into said ditch or trench while walking in Pearl-street, a highway, as he lawfully might, and without any fault or want of care on his part."

The answer, after denying that the ditch was negligently left open, proceeded thus: "And the defendant further denies that the plaintiff, without any fault or want of care on his part, did fall therein," &c.

On the trial, it appeared from the evidence that the plaintiff was found, on the night in question, some rods from the open ditch which the defendant had left, with his leg badly broken, and the evidence had a tendency to show that he had fallen into the ditch and thus injured himself, and had been able to get to the place where he was found, and could go no further. After the plaintiff had rested, the defendant moved for a nonsuit mainly on the ground that it was not proved that the plaintiff had fallen into the ditch. The judge thereupon decided that the answer admitted the fact of the plaintiff having so fallen, and the defendant excepted to this decision. The motion for a nonsuit was then denied, and there was another exception by the defendant. The plaintiff ultimately had a verdict for $1,000, and the defendant brought this appeal from the judgment of affirmance at the general term.

*Sherman S. Rogers,* for the appellant.

*E C. Sprague,* for the respondent.

ROOSEVELT, J.   The water company are sued for alleged negligence in omitting to fence in or light a street excavation in the city of Buffalo, in consequence of which, it being very dark, the plaintiff, as he alleges, fell in and sustained very serious injury.   He claimed $5,000 damages.   A verdict was found in his favor for $1,000, and judgment rendered for that amount, which the general term of the Buffalo Superior Court, overruling the defendants' exceptions, affirmed.

It is contended by the company that on the evidence the injury sustained might have arisen from other causes, and that there was no proof that the plaintiff, whatever might have been his injuries, fell into the ditch which the Water Works Company had dug.   This objection was met at the trial, and so the judge decided, by the position taken by the plaintiff's counsel, that the pleadings admitted the fact of falling into the ditch.   A nonsuit was denied on that ground, and the ruling to that effect governed all the subsequent proceedings.   It was duly excepted to at the proper stage of the trial, and the defendants had a right to the benefit of the exception without repeating it at every step.   And as the whole trial was conducted afterwards upon the assumed admission, the verdict of course must be set aside if that assumption was erroneous.

No express admission is pretended.   But the Code, it is said, declares (§ 168) that every material allegation of the complaint, not controverted by the answer, "shall, for the purposes of the action, be taken as true."   Now the complaint expressly avers, not only that the plaintiff fell into the ditch, but that he fell into it in consequence of the company's negligence in omitting to place any light, fence or other protection to guard against accident.   The answer denies that the ditch was left unguarded, "so that persons using reasonable care" would fall into it; in other words, it distinctly controverts the charge of negligence.   It then proceeds with a further denial "that the plaintiff, without any fault or want of care on his part, did fall therein."   And

the question is, does this averment put in issue the plaintiff's want of negligence, or the plaintiff's falling into the ditch, or both.

The denial as to the falling into the ditch, it must be conceded, is not very specific; and under the Code, as it stood originally, would probably have been pronounced insufficient. "A specific denial of every allegation of the complaint" was then required (§§ 149, 169), and every allegation, "if not controverted as prescribed," it was declared, should be "taken as true." In 1852, however, the words "not specially controverted" were superseded by the words "not controverted," and the words "specific denial" by the words "general or specific denial." The present action was commenced in 1855. The answer, therefore, is to be governed by the amended Code. And as it contains a "general denial" of the plaintiff's allegation of his having fallen into the ditch in the manner described, that allegation in all its parts, "for the purposes of the action," must be deemed to have been "controverted."

We consider the answer, notwithstanding, as open to criticism. It is a species of negative pregnant. But the plaintiff, if dissatisfied with the vagueness and uncertainty of the pleading, had his remedy by motion. Not having applied, at the proper time, for an order to compel the defendants to be "more definite and certain," he is presumed to have been satisfied with the pleading as it stood, especially as he knew that, under the present system, it was made "the duty of the court to construe pleadings liberally," and of course not to assume that parties, by implication, intended to admit when they could safely deny their adversary's case.

The point has been decided in this court, in a case which has not been reported here. At the March term, 1855, it had under review the action of *Lawrence* v. *Williams*, upon an appeal from a judgment of the Superior Court of the city of New York, which is reported in 1 *Duer*, 585. It

was an action in the nature of ejectment, to recover the possession of certain premises which had been demised to the defendant, on the ground that he had broken the covenent not to underlet without the consent of the lessor. The defendant answered, denying that "in violation of the said covenant, *and without the consent of said plaintiff*, he had underlet the said premises." On the trial the plaintiff gave in evidence the lease containing the covenant not to underlet, and a general clause of reëntry, and rested. The plaintiff had a verdict on the ground that the answer did not deny the fact of underletting, and the judgment was affirmed at a general term. The court held that the answer admitted the underletting, and that it took issue merely upon the allegation that such underletting was without the consent of the plaintiff. On the appeal here, this court reversed the judgment. The opinion which prevailed was prepared by GARDINER, then Chief Judge. It has not been furnished to the reporter; but, on inquiry of that officer, I find that he entered in his minutes the conclusion to which the court arrived, as follows: "The plaintiff should have proved the underletting. The answer, although it contains a negative pregnant, puts in issue the subletting." The case is in principle precisely like the present, and must determine the judgment we have now to render.

The judgment of the Supreme Court must be reversed and a new trial awarded.

DENIO, J. (Dissenting.) To maintain the action, it was necessary for the plaintiff to aver and prove that he fell into the excavation which the defendant had made in the street, and it was also essential that the facts should show that he was not himself chargeable with negligence or any want of proper care. Both particulars are alleged in the complaint in separate propositions. The defendant had a right to deny the matters stated in the complaint generally or specifically. (*Code*, § 149.) If any material allegation of the complaint

was left uncontroverted in the answer, it was to be taken as true. (§ 168.) If the plaintiff verifies the complaint by his oath, the defendant must verify the answer in the same way. (§§ 156, 157.) Under the permission to put in a general denial, the defendant might have answered in a way which would be equivalent to the former plea of the general issue, if he could swear to such a defence; but because this could not be safely done, or for some other reason, the defendant in this case undertook to answer specifically. It was, therefore, necessary for the defendant to answer whether the averment that the plaintiff had fallen into the ditch was true, or to deny sufficient knowledge or information upon that point to form a belief. (§ 149.) No want of knowledge or information is stated in the answer, and if the defendant has failed to deny this allegation, it is left uncontroverted. The answer avers that the plaintiff did not fall in without fault or want of care on his part This is not a denial that he did fall in. It is an implied admission that he did, but that it was not done under the circumstances alleged. But it is enough for the plaintiff's purpose that it is not a denial. To show it is not a denial of the precise fact which the defendant was called upon to answer, let us suppose that the action was against a natural person who happened to be present at the accident which befel the plaintiff; and suppose, further, that the case was such that he might well have entertained the belief that the plaintiff was wanting in circumspection. The plaintiff, desirous of availing himself of the defendant's admission of the principal fact, and being, we will suppose, unable to prove it in any other way, swears to a complaint containing the allegations in the one before us. The defendant might put in and swear to the answers contained in this record, without making the admission required, and without exposing himself to be questioned for perjury. If indicted for falsely swearing that the plaintiff did not fall into the excavation, when in truth he saw him so fall with his own eyes

Wall *v.* The Buffalo Water Works Company.

he could say with perfect truth that he did not swear to the contrary; that he did not, on oath, deny the general fact of his falling in at all, but that by a strong implication he admitted it.

But it is said the plaintiff should have moved to compel the defendant to make his pleading more definite and certain, by amendment, according to § 160. This depends upon the consideration whether the answer as it stands is, in any respect, indefinite or uncertain. I think it is neither. The defendant had a clear right to waive any controversy respecting the simple fact of the plaintiff's fall, and to limit the issue to the question whether he was at the time in the exercise of proper care. This he has done in language quite appropriate to set forth that line of defence. It may very well be that those concerned in defending the action misunderstood the effect of the answer. If so, it was for the defendant to ask leave to amend it upon terms. The plaintiff is not to be charged with laches, because he understood it correctly and acted upon that understanding.

It is essential to apply to pleadings, under the Code, the common principles of literary interpretation. The disuse of established forms and technical language has led to much vagueness and uncertainty. But pleadings are still, in terms, required to be in ordinary and concise language. To secure a compliance with this direction, we must apply to their construction the usual principles of criticism. Conformably with these principles, it is impossible to say that a denial that a person did a thing under particular circumstances is a denial that he did it at all. I am, therefore, in favor of affirmance.

HARRIS, J., also dissented; COMSTOCK, J., did not hear the argument.

Judgment reversed and new trial ordered.