Dentó, J.
 

 (Dissenting.) It is not now a question whether the answer Was frivolous, but whether it set forth a defence to the action, which was sufficient in substance. The proceeding by which the plaintiff obtained judgment was analogous to the former practice by which a party was permitted to move for judgment on account of the alleged frivolousness of a demurrer, or bill of exceptions. If the point was entirely plain, judgment was given at once without the delay which would attend its being brought up in its regular course among the serious litigations pending in the courtbut if it presented matter for argument the motion was denied, and the case was brought forward in the usual manner. On the review of the judgment the question was, whether; it was erroneous in law or otherwise, and not whether the point was# more or less clear; nor whether it - was - right to dispose of it summarily. The case allows such a motion to be made on an answer or reply alleged to be frivolous, and in such cases the allegation of frivolousness is in the nature of a general demurrer. I have thought it necessary to make this explanation because it has been argued that whatever the merits of the answer might appear to be upon a full examination, it was not so plainly bad that it could be disposed of upon a motion grounded on alleged frivolousness.
 

 It cannot be denied but that the answer lacks the degree of particularity which has always been considered necessary in setting up a defence of usury. The cases are numerous and decisive which hold that the terms of the usurious contract should be stated so that it shall appear what rate or amount /
 
 *571
 
 of interest, was taken or secured, and on what sum and for what time; in order that the other party may be informed of the case he is required to meet. But it is obvious that the case may be such that the plaintiff would not stand in need of this information. He might know, upon the defence being interposed, precisely what the defendants’ pretence would be, and might elect to go to trial without farther delay. If he should elect to do so, no wrong would be done to either party. But he has a right to require the particulars to be stated; and the question is, in what form this requirement is to he asserted.
 

 Formerly, if a plea was defective for want of particularity, but • a substantial defence was presented, the objection must have been made by special demurrer. This I think was the case where usury was pleaded in general terms, without setting out the particulars of the usurious contract.
 
 Hinton
 
 v.
 
 Roffey
 
 (3 Mod., 35;
 
 S.
 
 C., 2 Shower, 329), was decided before the statute. (4 and 5 Anne, ch. 16), requiring defects of forin to be specially stated in the demurrer. To debt on bond, the defendant pleaded that it was corruptly agreed that interest should be paid for it above the rate of six per cent. The plaintiff demurred and judgment was given in his favor; the court saying, according to the report in Shower, that the corrupt agreement ought to be specially and particularly set forth, and the
 
 quantum,
 
 of interest; otherwise the plaintiff can never tell what to answer. In
 
 Hill
 
 v.
 
 Montague
 
 (2 Maule & Selw., 377), which was also debt on a bond, the plea was precisely the same as in the case reported in Modern and in Shower; and the plaintiff’s demurrer assigned for cause that it did not allege or specify any of the particulars of the alleged usurious contract; nor the time of such forbearance; nor the sum forborne; nor the sum to be paid for such forbearance. The court held the plea bad; repeating the remark made by the court in
 
 Hinton
 
 v.
 
 Roffey,
 
 and adding,
 
 “
 
 The party against whom it is pleaded may be aware of the contract, but he cannot know in what particular it is meant to be assailed, or wherein the other side imputes vice to it.” In treating of the degree of certainty required in a plea in bar, Chitty lays it down that a general plea of usury, not stating
 
 *572
 
 the particulars of the contract or the sum to be forborne, is bad on special demurrer, and he refers to this case in Maulé and Selwin (1 Chit. Pl., 527). And Saunders lays down the rule thus: “ The chief requisite of a plea of usury is, that it should state the corrupt contract and the usurious, interest with the greatest precision and particularity, to show how the usury was committed, and that the party may know what to answer; and if it be too generally stated it will be held bad on special demurrer. (Vol. 2, p. 895.)
 

 In
 
 New Orleans Gas Company
 
 v.
 
 Dudley
 
 (8 Paige, 452), the •allegation of usury in an equity suit to foreclose a mortgage was, that there was usury in it either by a pretended sale of property at more than its value, or in some other way. The Chancellor held the allegation insufficient, and said it would be defective in a court of law both in form and substance. An alternative allegation of a material fact was always bad. (Stephens on Pl., 387.) Independently of this dictum, which I think does not touch the case, I have not found any akthority in which it is intimated that an allegation of usury in the contract would be bad on general demurrer for lack of stating the particulars of the alleged usurious contract. In the case under consideration, the contract sued on',-which was a promissory note, is set forth in the complaint. The answer alleges that the note was the last one of a series of notes between the same parties; the first one having been given on a loan of money, by the maker of the plaintiff; at a higher rate of interest than seven percent, and that the other notes were successively given in renewal of that one, and that therefore, the note sued on is void for usury. If the rate of interest had been stated—as by adding, “ to wit, at the rate of ten per cent per annum”—I suppose the answer would have been unexceptionable; and on the trial a variance as to the amount of interest would not have been material, unless it had been proved that the plaintiff was misled.
 
 (Catlin v.
 
 Gunter, 1 Kern., 368.) If I am right thus far, a good defence was stated in the answer; but it was defectively stated, and that defect under the former rules was required to be pointed out by special demurrer, if the plaintiff would avail himself of it. The Code
 
 *573
 
 allows a demurrer to an answer, which embodies new matter, where upon its face it does not constitute a defence. (§ 153.) It no where recognizes a demurrer to an answer for defect of form or want of particularity; and the theory upon which that - system was .formed was, that parties were not to be prejudiced by mere lack of form. But it moreover makes a special provision for the case of deficiencies of the precise character of those which exist in this answer; for it declares that where the allegations of a pleading are so indefinite or uncertain that*the precise nature of the charge or defence is not apparent, the court may require the pleading to be made definite and certain by amendment. ( § 160.) It has been shown by a reference to the judgments in
 
 Hinton
 
 v. Roffey, and
 
 Hill
 
 v.
 
 Montagu,
 
 that the reason for requiring the particulars of the usurious contract to be stated is, that it might be apparent what the precise nature of the charge of usury was. I am, therefore, of opinion that the plaintiff’s remedy, for the want of particularity in the answer, was by a motion under this section of the Code. That remedy is in its nature exclusive; for it would be preposterous to hold that the plaintiff might apply by motion to have the pleading made more definite, but might equally, at his election, treat it as disclosing no defence whatever on its face, and apply for a peremptory judgment. If he could take the latter course he would never make a motion under the 160th section; for all he could desire in any case would be to have j udgment in his favor. This court has repeatedly taken that view of the section.
 
 (Wall
 
 v.
 
 The Buffalo Water Works Co.,
 
 18 N. Y., 119;
 
 Seeley
 
 v.
 
 Engell,
 
 3 Kern., 542;
 
 The People
 
 v.
 
 Ryder,
 
 2
 
 id.,
 
 433;
 
 Prindle
 
 v.
 
 Caruthers,
 
 15 N. Y., 425.) The last of these cases is very much in point. The plaintiff sued on a contract not negotiable, and which was for the payment of an annual sum to one H. C., or his wife, or the longest liver of them. The action was in the name of a third party, .who averred in his complaint that the contract was, on a certain day, his property by purchase, without saying from whom or on what consideration or showing in whom the right was vested when the purchase was made: and the case arose on demurrer.. The answer which we gave to the
 
 *574
 
 objection of want of definiteness was that “the remedy for all defects of this nature is by motion under section 16 of the Code to make the faulty pleading more definite and certain.” It was • added that that proceeding had taken the place of demurrer for want of form.
 
 {Per
 
 Johnson, J.)
 

 The result of these views is that the judgment ought to be reversed with costs, with a direction to the Supreme Court to .allow the plaintiff to move to correct the answer, or to bring the case to trial upon the present pleadings, at his election and upon such terms as to costs as that court may think fit to impose.
 

 Clerke, J., concurred in this opinion.
 

 Judgment. affirmed.