[No. 3,747.]

H. R. BRADBURY *v.* W. H. V. CRONISE, C. H.
SCHNABEL, JOSIAH LUKE, HENRY LUKE, WM.
TOMPKING, JOSEPH HENWOOD, AND JOHN Mc-
CURDY.

PLEADINGS IN ACTION TO ENFORCE LABORER'S LIEN. — If the complaint,
in an action to enforce a lien on a mining claim for work and labor, avers
that the plaintiff performed labor on the mine at the request of the defend-
ant, an answer denying that the labor was performed at the request of the
defendant is not a denial that the work was performed on the mine.
IDEM. — In such action a denial in the answer that the plaintiff has a lien
on the mine is only a conclusion of law and not a denial of a fact.
FACTS ADMITTED IN ANSWER. — A defendant on the trial cannot contro-
vert a fact admitted by the pleadings.
FINDINGS CONTRARY TO ADMISSIONS IN ANSWER. — If the Court finds con-
trary to the facts admitted by the answer the finding must be disregarded.
GOLD COIN JUDGMENT. — A judgment for work and labor performed may
be made payable in gold coin if there is a promise to pay in gold coin.

APPEAL from the District Court, Fourteenth Judicial Dis-
trict, County of Placer.

The defendant Schnabel owned the Julian mine, and the
defendant Cronise made a contract with him to purchase the
same, and was allowed to enter into possession of and work
the same. A large number of persons, with the knowledge
of Schnabel, worked on the mine for Cronise, and their
wages not being paid they filed liens on the same. All the
lienholders except the Lukes, Tompking, Henwood, and
McCurdy assigned their demands to the plaintiff, who
brought this action to enforce the same, and made Schnabel
and the other lienholders parties defendant.

The defendant Schnabel answered, but Cronise made de-
fault. The Court found that a portion of the labor was per-
formed in cutting cordwood to be used at the mine, and in
clearing the ground for a mill site, not on the Julian mine,
but that the mill belonged to the mine.

The Court below enforced the lien for the full amount claimed, and the defendant Schnabel appealed.

The other facts are stated in the opinion.

*Jo Hamilton,* for Appellant.

*Norton & Bullock,* for Respondents.


By the COURT:

This is an action to enforce a lien on a mining claim for wages alleged to be due to laborers on the claim, and is founded on the Act of March 30th, 1868, "for securing liens of mechanics and others." (Stats. 1867–8, p. 589.) The complaint alleges that the labor was performed on the mining claim, and this averment is not denied in the answer. It is true, there is a denial "that the plaintiff and his several assignors did work and labor for said W. H. V. Cronise, and that the said Cronise is indebted to them for the same the several sums of money averred in the complaint;" and there is also a denial that the plaintiff has any lien on the mine, which is only a conclusion of law and not the denial of a fact. The first amounts to nothing more than a denial that the work was done for Cronise, or that he is indebted to the plaintiff in the sum claimed. But by no reasonable intendment can it be held to be a denial that the labor was performed *on the mining claim*, as averred in the complaint. The averment that the labor was performed *on the mining claim* must therefore be deemed to have been admitted by the pleadings, and it was not possible for the defendant to controvert that fact at the trial. If the Court found the fact contrary to the admissions of the pleadings the findings must be disregarded. The defendant cannot, therefore, on the appeal, raise the question whether a portion of the labor was performed elsewhere than on the mining claim.

The complaint avers that it was well understood between

the laborers and Cronise that the wages were to be paid in gold coin, which was denied by the answer. But the Court finds that Cronise expressly promised to pay in gold coin, which brings the case clearly within the provisions of section two hundred of the Practice Act, as amended in 1870. (Stats. 1869-70, p: 295.)

We see no error in the judgment, which is therefore affirmed. So ordered.