ROCK SPRING COAL COMPANY, RESPONDENT, *v.* SALT LAKE SANITARIUM ASSOCIATION, APPELLANT.

PLEADING.—TRAVERSE.—NEGATIVE PREGNANT.—Where the plaintiff alleged that between two dates it sold and delivered coal to defendant of the kinds and quantities specified, to wit: 88,700 pounds of lump coal, 218,500 pounds of slack coal in wagon-load lots, 256,600 pounds of slack coal in car-load lots. Defendant averred, on information and belief, that it is not true that, between the dates named, the plaintiff sold and delivered to defendant 88,700 pounds of lump coal, or that plaintiff between said dates sold and delivered to defendant 218,500 pounds of slack coal in wagon-load lots, and defendant therefore denies that between said dates, or at any other time, the plaintiff sold and delivered to defendant said amount of lump coal, and denies that between said dates, or at any other time, plaintiff sold and delivered said amount of slack coal in wagon-load lots: *Held* that this denial was a negative pregnant and put in issue no material averment of the complaint.

APPEAL from a judgment of the district court of the third district and from an order overruling a motion for a new trial. The opinion states the facts.

*Mr. C. F. Loofbourow,* for the appellant.

*Mr. Edward B. Critchlow,* for the respondent.

MINER, J.:

On April 3, 1890, the plaintiff filed in the third district court in Utah its complaint, alleging: "(1) The corporate capacity of both plaintiff and defendant. * * * (3) That between the 9th day of November, 1889, and the 6th day of February, 1890, the plaint-

-iff sold and delivered to the defendant   *   *   *   *
·coal of the kinds and in the amounts specified, as follows,
to-wit: 88,700 pounds of lump coal; 218,500 pounds of
slack coal in wagon-load lots; 256,600 pounds of slack
·coal in car-load lots.  That defendant agreed to pay for
the same as follows, to-wit:   *   *   *   $788.05." That
payment has been demanded.  That no part thereof has
been paid, and the whole remains due; and praying judg-
ment for $788.05, with interest and costs.  The defend-
ant filed its answer:  (1) Admitting that it is a corpora-
tion.  (2) Denying that the plaintiff is a corporation.
"(3) Further answering, the defendant avers, on informa-
tion and belief, that it is not true that plaintiff, between
the 9th day of November, 1889, and the 6th day of Feb-
ruary 1890, sold and delivered to defendant 88,700 pounds
·of lump coal, or that plaintiff between said dates sold
and delivered to defendant 281,500 pounds of slack coal
in wagon-load lots; and defendant therefore denies that
between the 9th day of November, 1889, and the 6th day
·of February, 1890, or at any other time, the plaintiff
sold and delivered to the defendant 88,700 pounds of
lump coal, and denies that between said dates, or at any
·other time, plaintiff sold and delivered to defendant 218,-
500 pounds of slack coal in wagon-load lots.  Also alleges
payment of $88.20 on account of claim sued upon."  The
cause was tried before the court, a jury being waived.
At the commencement of the trial, and before the pro-
duction of any evidence, the plaintiff made an oral
motion and request for judgment upon the pleadings on
·account of the alleged insufficiency of the defendant's
answer to put in issue any of the allegations of the com-
plaint.  Whereupon the court ruled and held, upon said
·oral motion and request of plaintiff, that the answer of
the defendant was not sufficient to put in issue any alle-
gation of the complaint, except that of the corporate

capacity of the plaintiff, and gave defendant permission to amend his answer so as to deny each allegation in its complaint, and defendant refused to avail itself of this privilege. And the court thereupon, and upon said trial, took all the other allegations of the complaint as con-·· fessed by the defendant, and made its findings of fact, and gave judgment for the plaintiff for $802.40, and costs taxed at $33.35. The defendant alleges error on the above ruling, and appeals to this court from an order· denying a motion for a new trial on such alleged error.

It will be observed that in the answer it is averred, on information and belief, "that it is not true that plaint-· iff, between the dates named, sold and delivered to the· defendant 88,700 pounds of lump coal," but it is nowhere· denied that some other kind of coal, or some amount of lump or other coal, was sold and delivered to the defendant; and the attempted specific denial, that plaintiff sold and delivered to defendant 218,500 pounds of slack coal in wagon-load lots, is not a denial that 218,500 pounds,. or any less number of pounds, of coal were not sold and delivered to defendant, nor that 218,500 pounds of coal were not delivered defendant in cars or carts or by hand, or in some other way than by wagon-load lots; nor is any attempt made to deny it sold and delivered defendant 256,600 pounds of slack coal in car-load lots or otherwise. It does not appear by the answer that defendant did not receive the stated amount of coal from the plaintiff, or that it was not indebted to the plaintiff therefor. What the answer does say is simply this: "I received from the plaintiff, within the time stated, the amount of coal he has charged me with, for which I agreed to pay him the price named in the complaint, but it was not delivered to me in wagon-load lots;. and I am still indebted to the plaintiff therefor in the sum claimed in the complaint, less $80.%0, which I have·

paid plaintiff on the claim sued upon prior to the commencement of the suit." In other words, defendant admits the allegations in the complaint to be true, and that he is indebted to the plaintiff for the coal as claimed.

Section 3226 of the Compiled Laws of Utah of 1888 provides that the answer of defendant shall contain a general or specific denial of the material allegations of the complaint controverted by the defendant; and if the complaint be verified, as in this case, " the denial of each allegation controverted must be specific, and be made positively," etc. Counsel for the defendant relies on *Mahana* v. *Blunt*, 20 Iowa, 142; *Doolittle* v. *Greene*, 32 Iowa, 123; *Bank* v. *Hogan*, 47 Mo. 472; *Ells* v. *Railroad Co.*, 55 Mo. 278; and *Wall* v. *Water-Works Co.*, 18 N. Y. 119. I am aware that, under the statutes and decisions of Iowa and Missouri, slight innovations have been made upon this rule, but the general weight of authority sustains it. In 18 N. Y. 119, cited by defendant's counsel, the court holds the pleading open to criticism, and justifies its decision only under the statutes of that State recently amended. Upon the general doctrine, see Steph. Pl. 381; *Woodworth* v. *Knowlton*, 22 Cal. 164; *Bradbury* v. *Cronise*, 46 Cal. 287; Bliss, Code Pl. § 332; Boone, Code Pl. § 61. It has been held that an answer in terms merely denying "each and every material allegation in the complaint" is evasive, and not good pleading. And, generally speaking, a denial in the precise language of the complaint is not good, but is a "negative pregnant," with an admission that the alleged facts may have transpired on some other day or under different circumstances. *Robbins* v. *Lincoln*, 12 Wis. 9; *Miller* v. *Brumbaugh*, 7 Kan. 343; *Seward* v. *Miller*, 6 How. Pr. 312. So, in an action of trespass for assault and battery, the defendant

justified, alleging that, "as master of a ship, he commanded the plaintiff to do service which he refused to do, whereupon the defendant moderately chastised him."

The plaintiff traversed with a denial "that the defendant moderately chastised him," and this traverse was held to be a "negative pregnant," or as being such a form of negative expression as may be implied to carry with it an affirmative. Steph. Pl. p. 378. A denial that A. and B. and C. and D. were present on a certain occasion is no denial that B. was present; or that A. and B. were present; and so as to either. A denial that A. went to Washington, and to Boston and to Chicago, and returned from Chicago to New York, is not a denial that A. went to Boston or to Chicago. *Young* v. *Catlett*, 6 Duer, 437; *Blankman* v. *Vallejo*, 15 Cal. 639; *Kuhland* v. *Sedgwick*, 17 Cal. 123; *Caulfield* v. *Sanders*, Id. 569; *Landers* v. *Bolton*, 26 Cal. 393. And, where there are no conjunctive averments, a denial in the very words of the averment is often held to admit a material part of it. *Woodworth* v. *Knowlton*, 22 Cal. 164; *Bradbury* v. *Cronise*, 46 Cal. 287. So, also, a denial that the defendant "wrongfully and unlawfully entered upon the premises, and closed the window," is an admission that he closed the window therein. *Larney* v. *Mooney*, 50 Cal. 610. A denial of the exact value alleged in the complaint is an admission of any less value. *Scovill* v. *Barney*, 4 Or. 288. A denial that the defendant wrongfully took and detained the plaintiff's goods is not a denial of the taking or detention. *Moser* v. *Jenkins*, 5 Or. 448. So a denial in the language of the petition, that the defendant carelessly, negligently, and wantonly ran over the plaintiff's mare is not a denial of the injury complained of. *Harden* v. *Railroad Co.*, 4 Neb. 521; Bliss, Code Pl. § 332. The trial court was more than liberal with the

defendant in allowing it to amend its pleading during the trial, and after the question was raised, without terms. The defendant should have accepted the privilege. I think no issue was raised by the answer, and judgment for the plaintiff was properly entered on the pleadings. The judgment below should be affirmed, with costs.

ANDERSON, J., and BLACKBURN, J., concurred.