(99 App. Div. 541.)

## FREES v. BLYTH.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. COURTS—JURISDICTION—PRESUMPTION.
    The City Court of New York, being a statutory court of inferior juris-
    diction, the facts necessary to jurisdiction must be proved.

2. SAME—AFFIDAVIT OF SERVICE—OMISSION OF VENUE.
    An affidavit of service of summons with notice, which is without venue,
    is a nullity.

3. SAME.
    The rule that the jurisdiction of an inferior court is never presumed
    applies to the subject-matter, and in other respects the rule as to courts
    of general jurisdiction obtains, cannot avail a plaintiff suing on a judg-
    ment recovered in the New York City Court on an insufficient affidavit
    of service, as the presumption in support of superior courts of general
    jurisdiction only apply to jurisdictional facts as to which the record is
    silent.

4. SAME—PLEADINGS—SUFFICIENCY.
    An answer denying the allegation of the complaint as alleged or men-
    tioned in the paragraph of the complaint, referred to by number, is
    sufficient on appeal.

Appeal from Trial Term.

Action by Thomas H. Frees against Charles A. Blyth. From a
judgment dismissing the complaint, and from an order denying a
new trial on the minutes, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

Herman H. Baker, for appellant.

John M. Rider, for respondent.

JENKS, J. This is an action upon a judgment recovered in the
City Court of New York upon a default. That court, though enu-
merated as a court of record, "is only a local statutory court of
inferior jurisdiction." McCann v. Gerding, 29 Misc. Rep. 283, 60
N. Y. Supp. 467. "The facts necessary to the jurisdiction will not
be presumed, but must be made to appear affirmatively." Beau-
drias v. Hogan, 16 App. Div. 38, 44 N. Y. Supp. 785. See, too, Gil-
bert v. York, 111 N. Y. 544, 19 N. E. 268. It appears from the
record of the judgment roll that the affidavit of the service of the
summons, with notice, is without venue. It is therefore a nullity.
Thompson v. Burhans, 61 N. Y. 52, 63; Rogers v. Peli, 154 N. Y.
518, 529, 49 N. E. 75; Saril v. Payne (Com. Pl.) 4 N. Y. Supp. 897;
Babcock v. Kuntzsch, 85 Hun, 33, 32 N. Y. Supp. 587. The ques-
tion of any amendment (Cook v. Whipple, 55 N. Y. 150, 166, 14 Am.
Rep. 202) is not in this case. Even though the rule that the juris-
diction of such a court is never presumed applies only to questions
of jurisdiction of the subject-matter, and that in other respects the
rule as to courts of general jurisdiction obtains, as some authorities
have it (Am. & Eng. Ency. of Law [2d Ed.] vol. 17, p. 1083), yet
this will not avail the appellant. In Smith v. Central Trust Co.,
154 N. Y. 333, 341, 48 N. E. 553, it is held that the presumptions

in support of Superior Courts of general jurisdiction only apply to such jurisdictional facts as to which the record is silent, and not otherwise; the court saying: "When it affirmatively appears, however, that any essential step was omitted, the presumption in favor of jurisdiction is destroyed, and a presumption against jurisdiction at once arises."

The answer of the defendant denies the allegations of the complaint in hæc verba as "alleged or mentioned in the paragraph of the complaint," referring to such paragraph by its number. Though not beyond criticism as containing a negative pregnant, it may be held sufficient; certainly on appeal. Donovan v. Main, 74 App. Div. 44, 77 N. Y. Supp. 229; Wall v. The Buffalo Water Works Company, 18 N. Y. 119; Stuber v. McEntee, 142 N. Y. 200, 36 N. E. 878.

The judgment and order should be affirmed, with costs. All concur.

Order affirmed, with costs and disbursements.