## B. PETZOLDT CO. v. COHN et al.

(Supreme Court, Appellate Term. January 8, 1909.)

1. CONTRACTS (§ 348*)—ACTIONS FOR BREACH—BURDEN OF PROOF.

In an action brought for the agreed price and value of work done, where the answer places in issue every averment relating to price and value, the burden of proof is on plaintiff.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1779; Dec. Dig. § 348.*]

2. APPEAL AND ERROR (§ 1010*) — REVIEW — FINDINGS OF COURT — WEIGHT OF EVIDENCE.

Where the trial court errs in placing the burden of proof on defendant in an action on a contract, in which the answer places in issue every averment regarding price and value, the court on appeal cannot treat the judgment as supported, although there is some slight evidence in its support, because the error precludes the appellate court from presuming that the evidence was weighed and found sufficient to justify the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3979; Dec. Dig. § 1010.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the B. Petzoldt Company against Harry Cohn and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before GILDERSLEEVE, P J., and BISCHOFF and GUY, JJ.

Weinberg Bros., for appellants.

Cromwell G. Macy, for respondent.

BISCHOFF, J. The action was brought for "the agreed price and value" of work done, and, since the answer placed in issue every averment relating to "price and value," the plaintiff clearly had the affirmative. Wall v. Buffalo Co, 18 N Y. 119  Yet the record discloses that the burden of proof upon all the issues was placed upon the defendant, this being the ruling announced at the opening of the trial. The judgment rendered certainly indicates that no evidence was expected at the plaintiff's hands; the return being destitute of proof of any agreement whatever with regard to the price for the work, and the recovery upon the theory of a quantum meruit is not supported by the form of the averments of the complaint. Assuming, indeed, that the slight and unsatisfactory evidence of value which is contained in the record was relevant to the cause of action, we cannot treat the judgment as supported, since the justice's erroneous ruling as to the burden of proof precludes our presuming that the evidence was weighed and found sufficient to establish the affirmative of the issue.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.