### COCHRAN v. WHITNEY.

(Supreme Court, Appellate Term. January 21, 1910.)

1. APPEAL AND ERROR (§ 194\*) — OBJECTIONS — FAILURE TO TAKE — NEGATIVE PREGNANT.

Where a denial in the answer was in the form of a negative pregnant, and no objection was taken either before or at the time of trial, the answer, although bad in form, will be considered good in substance.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 194.*]

2. COURTS (§ 189\*) — MUNICIPAL COURT — SUMMARY PROCEEDINGS — DISMISSAL WITHOUT PREJUDICE.

Municipal Court Act (Laws 1902, p. 1562, c. 580) § 253, providing that the court in a district in which a default or dismissal is taken in an action or summary proceedings may upon motion open such default or dismissal, and set aside, vacate, or modify any judgment or final order entered thereon, etc., recognizes the propriety of a dismissal in summary proceedings; and where the issues are confused and submitted upon the pleadings, and no evidence is offered, the court may properly dismiss such proceedings without prejudice to a new proceeding.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COSTS (§ 233\*) — APPEAL BY BOTH PARTIES — AFFIRMANCE — PROVISION FOR OFFSET.

Under Municipal Court Act (Laws 1902, p. 1590, c. 580) § 345, subd. 3, which provides that, if a judgment or final decree is affirmed, costs must be awarded to the respondent, where both parties appeal, and the judgment is affirmed, costs will be awarded to each, with a provision for an offset.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 888; Dec. Dig. § 233.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by Alexander Smith Cochran against Charles A. Whitney. From an order dismissing the proceedings without prejudice to a new proceeding, both parties appeal. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Maitland F. Griggs (Israel A. Washburne, of counsel), for plaintiff. Henry W. Rudd (Dwight P. Dilworth, of counsel), for defendant.

GIEGERICH, J. This was a summary proceeding to remove the tenant upon the ground that he was holding over after the expiration of his term. The petition, after setting out a great deal of matter which is admittedly immaterial, alleged the making of a lease which expired on October 1, 1909. The answer denied absolutely a good deal of the immaterial matter and some of the conclusions, but made its denial of the material part of the petition in the form of a negative pregnant. The answer also set up a separate defense, the nature of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which it is not necessary to state. The issues being thus confused, the parties submitted them to the trial court upon the pleadings; neither side offering any evidence. The court dismissed the proceeding without prejudice to the commencement of a new one.

The tenant now insists that the dismissal should have been on the merits, while the landlord is equally insistent that there should have been no dismissal at all, but a final order in his favor. The dismissal was right, because, although the form of the denial was that of a negative pregnant, the objection was not taken either prior to or at the time of the trial, and the answer, bad as it is in form, must be considered good in substance. Wall v. Buffalo Water Works, 18 N. Y. 119; Frees v. Blyth, 99 App. Div. 541, 91 N. Y. Supp. 103. The trial court was also quite right in making the dismissal without prejudice to a new proceeding. Section 253 of the Municipal Court act (Laws 1902, p. 1562, c. 580) recognizes the propriety of a dismissal in summary proceedings; but I do not find, either in that act or in the provisions of the Code of Civil Procedure relating to summary proceedings, any specific provision authorizing a dismissal of the petition upon the merits. Such a disposition is provided for in the case of actions by section 249 (page 1561) of the Municipal Court act, but only where, at the close of the whole case, the court is of the opinion that, as a matter of law, the plaintiff is not entitled to recover.

A dismissal without prejudice was clearly what was required in the present case, and not a final order awarding possession to the tenant, nor a dismissal on the merits, assuming that the court had power to make the last-named order in a proper case. The case was left upon the pleadings and without evidence from either side, and it was decided solely on a question of pleading. Only the landlord's case, or so much of it as was admitted by the answer, was before the court. He had not heard the "whole case," and could not have any opinion concerning the rights of the parties upon the merits.

The order appealed from should therefore be affirmed. Inasmuch as the Municipal Court act (section 345, subd. 3) requires us to award costs where an order of this character is affirmed (Martin v. Tarbox, 23 Misc. Rep. 761, 51 N. Y. Supp. 319; Bevins & Rogers' Appellate Term Practice, p. 111),. and as both parties have appealed, costs will be awarded to each of them, with a provision for an offset of the costs. Martin v. Tarbox, supra; Bevins & Rogers' Appellate Term Practice, p. 107. All concur.