Judgment ordered accordingly.

---

(140 App. Div. 419.)

EDGERLY v. BLACKBURN.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. USURY (§ 53*)—USURIOUS TRANSACTIONS.

An agreement for the execution of a note with 6 per cent. interest, and for the transfer by the maker to the payee of sailing vessels in trust, to hold the same until payment of the note, and for an allowance to the payee of one-third of 5 per cent. commission on charters secured and for 6 per cent. interest on all moneys advanced for disbursements, and for 2½ per cent. commission on all moneys advanced, including the principal of the note, is usurious on its face, and in the absence of evidence justifying the charges in excess of the lawful rate of interest the agreement is void.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 114–118; Dec. Dig. § 53.*]

2. COURTS (§ 33*)—INFERIOR COURTS—JURISDICTION—PRESUMPTIONS.

The City Court of the city of New York, though a court of record, is a local statutory court of inferior jurisdiction, and the facts necessary to its jurisdiction must be made to appear affirmatively.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 135, 136, 138; Dec. Dig. § 33.*]

3. COURTS (§ 33*)—INFERIOR COURTS—JURISDICTION—PRESUMPTIONS.

Where a pleading, relying on a judgment of the City Court of the city of New York, did not allege the facts showing that the court had jurisdic-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion to render the judgment, nor aver, as permitted by Code Civ. Proc. § 532, that the judgment was duly rendered, and the proofs consisted solely of a certified copy of a transcript of the judgment, the party relying on the judgment failed to prove affirmatively that the court had jurisdiction, and he could not rely thereon.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 135, 136, 138; Dec. Dig. § 33.*]

**4.** RECEIVERS (§ 55*)—APPOINTMENT—ORDERS—COMPLIANCE.

Where the order appointing a receiver of a debtor directed him, as required by Code Civ. Proc. § 715, to execute and file a bond, and provided that the receiver, on filing the bond, and on filing and recording the order in the office of the clerk of the court of designated counties, should be invested with the powers of receiver, and the bond filed was not executed by him, and was not approved, and a certified copy of the order was not filed in the counties designated, he did not become vested with the title to the debtor's personal property, in view of section 2468, subd. 2, declaring when property is vested in receivers.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 94, 400; Dec. Dig. § 55.*]

**5.** RECEIVERS (§ 55*)—SALES—VALIDITY.

A receiver of a debtor, who has not qualified as such, may not make a valid sale of the debtor's property, and a purchaser at a sale obtains no title.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 94, 400; Dec. Dig. § 55.*]

**6.** RECEIVERS (§ 135*)—SALES—MANNER OF CONDUCTING.

Where an order directing a receiver of a debtor to sell his property did not specify how it should be sold, but recited that the property was of nominal value only, the receiver must, as required by General Rules of Practice, § 77, sell the property at public auction on notice.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 231–235; Dec. Dig. § 135*.]

**7.** USURY (§ 92*)—USURIOUS TRANSACTIONS—ACCOUNTING.

Where a transaction involving the delivery by plaintiff to defendant of sailing vessels in trust to hold and manage the same was declared void because usurious, and defendant was required to account for the moneys received on account of the vessels, he should be allowed credit for such expenses incurred as were reasonably and necessarily expended in connection with the vessels.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 191–193, 196; Dec. Dig. § 92.*]

Appeal from Special Term, New York County.

Action by Oscar M. Edgerly against Samuel P. Blackburn and another. From an interlocutory judgment canceling and discharging as usurious a note and an agreement between the parties, and directing defendant to retransfer to plaintiff an interest in vessels, and for an accounting, defendants appeal. Modified and affirmed.

See, also, 131 App. Div. 933, 116 N. Y. Supp. 1134.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

J. Stewart Ross, for appellants.
Hugh M. Hewson, for respondent.

McLAUGHLIN, J. On the 1st of February, 1902, the parties entered into an agreement by which, in consideration of a loan of $10,-

000, evidenced by plaintiff's note for that amount, with interest at 6 per cent., the plaintiff agreed to transfer to the defendants his interests in four certain sailing vessels in trust, to hold and manage the same until the loan and any advances on account of the vessels should be repaid. The agreement also provided that the defendants should be allowed to charge in each vessel's account one-third of 5 per cent. commission on all charters secured, and to charge interest at 6 per cent. on all moneys advanced for disbursements or otherwise, and also 2½ per cent. commission on all moneys advanced, including the $10,000 loan. The parties thereafter entered upon the performance of the agreement, and in January, 1906, the plaintiff brought this action to have the agreement, and the note and transfer of the vessels made pursuant thereto, canceled as usurious and void, and to compel the defendants to retransfer the vessels to him, and to account for the moneys received during their management of them.

The defendants in their answer admitted all of the material allegations of the complaint, but denied that the agreement was usurious. The answer also contained certain affirmative allegations, obviously intended as a defense, though not so designated. The facts alleged in the answer, so far as material, were in substance that in June, 1902, one Kent had recovered a judgment against the plaintiff for about $1,086.59 in the City Court of the city of New York; that in July, 1903, in proceedings supplementary to execution upon the said judgment, one Deignan was, by order of one of the justices of said court, appointed receiver of plaintiff's property; that in December, 1904, Deignan was by order of the court directed to sell all plaintiff's right, title, and interest in and to the four vessels in question, and that in January, 1905, he sold the same to one Biddell, to whom Kent had assigned the judgment; that in May, 1905, Biddell assigned all her interest in the vessels to one Fleckenstein, who in November, 1905, released the defendants from all claims on account of said vessels.

Upon the trial both parties moved for judgment upon the pleadings. These motions were denied, and the defendants then submitted documentary evidence in support of the defense alleged, to which the plaintiff testified in rebuttal. The court held that no defense had been established, and the interlocutory judgment from which this appeal is taken was entered accordingly. This judgment adjudges the agreement between the parties usurious and void, and directs the cancellation of the same, together with the plaintiff's note for $10,000, and conveyance of his interest in the vessels. It also directs the defendants to reconvey the interest to the plaintiff, and to account for all moneys received on account of said vessels, appointing a referee to take the account, and providing for the entry of final judgment in plaintiff's favor upon the confirmation of the referee's report.

The agreement was, upon its face, usurious and void. The defendants did not offer any evidence to explain or justify the charges in excess of the lawful rate of interest, and it therefore follows that, so far as the judgment declares the agreement and the instruments given pursuant thereto to be void, it must necessarily be affirmed.

The defense alleged related solely to the defendants' title to the vessels, and consequently was at most a partial defense to the action.

But neither the pleading nor the proof submitted was sufficient to establish title to the vessels in the defendants. Their claim through the sale by the receiver is based primarily upon the judgment obtained against the plaintiff in the City Court. That court, although a court of record, is a local statutory court of inferior jurisdiction, and the facts necessary to its jurisdiction will not be presumed, but must be made to appear affirmatively. Frees v. Blyth, 99 App. Div. 541, 91 N. Y. Supp. 103, and cases cited; Pendleton v. Friedman, 135 App. Div. 420, 119 N. Y. Supp. 994; Hamerschlag v. Cathoscope Elec. Co., 16 App. Div. 185, 44 N. Y. Supp. 668. The answer did not allege the facts showing that the City Court had jurisdiction to render the judgment, nor did it allege, as permitted by section 532 of the Code of Civil Procedure, that the judgment was "duly" rendered. The proof offered was equally deficient, consisting solely of a certified copy of a transcript of the judgment. There being no presumption that the court had jurisdiction, it was incumbent upon the defendants to prove affirmatively that it did have jurisdiction, and the transcript of the judgment alone was not proof of that fact.

Not only this, but it did not appear that the receiver ever acquired any interest in the vessels, or that any interest passed to the purchaser upon the alleged sale. The receiver, before entering upon his duties, was bound to execute and file his bond (Code Civ. Proc. § 715), and he was directed to do so by the order appointing him, which further provided that the receiver, "upon filing said bond, and upon filing and recording the said order in the office of the clerk of this court and of the counties of New York and Kings, be invested with all the rights and powers as receiver according to law." The bond which he filed, as appears from the certified copy in evidence, was not executed by him, and had never been approved. Neither was there any proof that a certified copy of the order appointing him had been filed in Kings county, as directed by the order. The judgment debtor (the plaintiff) was then a resident of Kings county, and the receiver did not become vested with the title to or interest in his personal property until that had been done. Code Civ. Proc. § 2468, subd. 2.

The order directing the sale of plaintiff's interest in the vessels instructed the receiver to sell the same, "giving to the purchaser on said sale the same right which the said receiver possesses to the said property." Inasmuch as it affirmatively appears from the evidence introduced by the defendants that the receiver had never qualified as such, it is quite apparent that he was never in a position to make a valid sale of plaintiff's interest, and that the purchaser upon the alleged sale obtained no title.

It would also seem that the alleged sale was irregular. The order did not specify how it should be made, but it did recite that the property to be sold was of nominal value only, and the receiver was bound to sell the same at public auction on notice. See rule 77 of the General Rules of Practice. No proof was offered as to the manner in which

the sale was actually made, but from the bill of sale executed by the receiver it may fairly be concluded that the sale was a private one to the person then holding the judgment against the plaintiff. But how this would affect the case at bar, as well as a number of other objections raised by the respondent, need not be considered. For the reasons already discussed, the defendants failed utterly to establish the defense alleged, or to show that the plaintiff had been divested of his interest in the vessels, and it is unnecessary to pass upon any of the other objections urged.

In one respect, however, the judgment appealed from is erroneous. It directs the defendants to account for all the moneys received on account of the vessels and to pay all such sums to the plaintiff. It may reasonably be assumed that the defendants have incurred certain expenses in the management of the vessels, and they should, obviously, be allowed credit for such amounts as were reasonably and necessarily expended in connection therewith. The judgment should therefore be modified, by providing that, from the moneys which the defendants have received from the care and management of the vessels, there be deducted the amount of the reasonable and necessary disbursements, and that, if the same is more than the amount received, they transfer the vessels to the plaintiff upon his paying the difference.

As thus modified, the interlocutory judgment appealed from is affirmed, without costs to either party. All concur.