CLARA M. DeVOE, PLAINTIFF-APPELLANT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT-RESPONDENT.

Submitted May 12, 1933—Decided December 29, 1933.

Before Brogan, Chief Justice, and Justices Trenchard and Heher.

For the appellant, *George A. Henderson.*

For the respondent, *Frederic B. Scott.*

The opinion of the court was delivered by

Heher, J.   Plaintiff alleged that she suffered injuries as a result of the negligence of defendant.   The answer denied this allegation, and set up, as a separate defense, that plaintiff "was guilty of contributory negligence immediately prior to and at the time of the happening of the occurrence resulting in the alleged injuries complained of by the plaintiff in her complaint."   Plaintiff's reply denied this averment.   There was annexed thereto a notice of plaintiff's intention to move, at or before the trial, to strike out this separate defense on the ground that it "does not specify wherein the plaintiff was guilty of contributory negligence."   After the jury was sworn, this motion was made and denied.   There was a verdict for defendant, and from the judgment entered thereon plaintiff appeals.

It is now urged that there was error in the denial of the motion to strike out this defense.   The grounds of appeal are predicated upon this asserted error.

The trial judge correctly disposed of the motion to strike out. The pleadings raised the issue of contributory negligence. The complaint alleged that plaintiff suffered the injuries in question "while lawfully and carefully walking upon the said platform and without any fault or negligence on her part." The answer specifically denied this allegation. The exercise of due care by plaintiff was thereby put in issue, and it was not necessary to specially plead contributory negligence. The issue arose out of the complaint. *Titus* v. *Pennsylvania Railroad Co.*, 87 *N. J. L.* 157, 161; *Wall* v. *Buffalo Water Works Co.*, 18 *N. Y.* 119; 45 *C. J.* 1116, 1117. Rule 58 of the Supreme Court provides that the answer "must specially state any defense which is consistent with the truth of the material allegations of the complaint, and any defense which, if not stated, would be likely to cause surprise, *or would raise issues not arising out of the complaint;* for instance, the statute of frauds, or of limitations, release, payment, performance, or facts showing fraud, illegality, or contributory negligence."

Moreover, this was a motion that, under the rules of the Supreme Court, could not be made at the trial. Rule 26 of the Practice act of 1912 (now rule 40 of the Supreme Court), provides that "any pleadings may be struck out on motion on the ground that it *discloses no cause of action, defense or counter-claim,* respectively. * * * In lieu of a motion to strike out, the same objection, and any point of law (other than a question of pleading or practice) may be raised in the answering pleadings, and may be disposed of at, or after, the trial. * * *." This rule substituted the motion to strike out for the general demurrer at common law. *Savage* v. *Public Service Railway Co.*, 95 *N. J. L.* 432. The question presented for determination, therefore, is whether the pleadings in question disclosed the defense of contributory negligence. This must be answered in the affirmative. A general allegation of negligence was good on a general demurrer at common law. While it did not fulfill the requirement of the rule of pleading that the certainty of the statement of the plaintiff's case must be such as, in a reasonable measure, to

apprise the defendant of the case to be made against him, the defect was one of form and not of substance, and was good on a general demurrer. *Savage* v. *Public Service Railway Co., supra; Central Railroad Co.* ads. *Van Horn,* 38 *Id.* 133, 138; *Breese* v. *Trenton Horse Railroad Co.,* 52 *Id.* 250, 253; *Race* v. *Easton and Amboy Railroad Co.,* 62 *Id.* 536; *Minnuci* v. *Philadelphia and Reading Railroad Co.,* 68 *Id.* 432. As was said by Chief Justice Gummere, in *Savage* v. *Public Service Railway Co., supra:* "An averment in a declaration that the plaintiff's injuries resulted directly from the negligence of an employe of the defendant without any specification of what constituted the negligence, or what employe was guilty of it, discloses the existence of a cause of action against the defendant, and will therefore be sustained as against a general demurrer."

Rule 41 of the Supreme Court provides that objections to pleadings other than those provided for in rule 40 shall be made by motion. Rule 39 classifies as objectionable "any pleading which is irregular, defective or so framed as to embarrass or delay a fair trial." Rule 30 provides that "unless otherwise ordered by the court, pleadings must be filed, and motions made, in the order" therein mentioned, *i. e.,* (1) complaint; (2) motion addressed to the complaint; (3) answer; (4) motion addressed to the answer; and (5) reply. Under these rules appellant was required to either address an appropriate motion to the answer, or to reply thereto. She was not at liberty to join issue, and reserve the right to move at the trial to strike out the defense in question on the ground that it did not specify the act of negligence charged against plaintiff.

Judgment affirmed, with costs.