Johnson, J.
 

 The code of procedure, § 1, declares that remedies in the courts of justice are divided into, 1. Actions; 2. Special proceedings. Sec. 2 declares that
 
 “
 
 an action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.” Sec. 3 says that
 
 “
 
 every other remedy is a special proceeding.”
 

 The application made by Carpenter to the supreme court was not an action, because although it might be difficult to affirm that it is not an ordinary proceeding in a court of justice, yet looking at all the provisions of the code touching civil actions, it appears that by “ ordinary proceedings” it was intended to designate' those ordinary proceedings which are instituted by summons and complaint when they are of a civil nature. If, therefore, his application was a remedy at all, it was .a special proceeding. The code unfortunately has not furnished us a definition of a remedy, except in so far as one can be drawn from its distribution of all remedies into actions and special proceedings. It seems to regard every original application to a court of justice for a judgment or order as a remedy. If this be so, then Carpenter’s application, which was am original proceeding instituted by him claiming redress, was a special proceeding. He was no party to the judgment which he asked to have set aside, and his application cannot therefore be said to be in a suit or action.
 

 The 3d subdivision of section 11 of the code gives this court power to review upon appeal every actual determination made by the supreme court at general term, in a final order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment.
 

 The order of the supreme court at general term in this case, affirming that at special term, gave to Carpenter the complete re
 
 *471
 
 lief for which his application was made. It set aside and vacar ted the judgment of which he complained. It was therefore not only a final order, but it clearly affected a substantial right of the appellant. The appeal comes therefore within the provision in question, and we are bound to entertain it.
 

 We were referred, upon the argument, to two cases in this court which were supposed to decide adversely to the appellant’s right to appeal.
 
 (Sherman
 
 v.
 
 Felt, 2 Comst.
 
 186 ; 3
 
 How. P. R.
 
 425;
 
 Dunlop
 
 v. Edwards, 3
 
 Comst.
 
 341.) In the first, it was held that, upon a motion by a party to set aside a judgment in the supreme court either for irregularity or as a matter of favor, the decision of that court was either upon a matter of practice, or a question of discretion, and that from such' a decision no appeal would lie. In that case, also, the latter clause of the 3d subdivision of § 11 received a construction, and it was held that the words, “ a final order affecting a substantial right, made upon a summary application in an action after judgment,” related only to summary applications which assumed the validity of the judgment, or were based upon its existence. In the other case the order appealed from was made upon an application by the defendant, in a judgment on confession, to set it aside upon the ground that the bond and warrant of attorney on which it had been entered had been executed by him as surety for the payment of an award to be made between third parties, and that the submission had been subsequently altered without his consent or knowledge, before the judgment was entered. The judgment had been entered in June, 1847. In December, 1848, the motion at special term was made and denied, and the decision was affirmed at general term. The case seems to have been presented to the court only in the aspect of a summary proceeding in an action after judgment. Regarding it in that way, the court dismissed the appeal, holding that the motion was not a future proceeding in a pending suit within the meaning of the act supplemental to the code, [ch. 380 of the laws of 1848,] the judgment having been perfected in 1849. The other positions affirmed by the court in
 
 *472
 
 that case related to the appeals given by the supplemental act, and by sec. 457 of the code of 1849, neither of which are involved in the case now before the court.
 

 Motion denied.