GEORGE H. MARVIN *v.* LE GRAND MARVIN, Appellant,
GEORGE L. MARVIN, Respondent.

An application to enforce the liability imposed by the statute (2 R. S., 619,
§ 44) declaring an assignee of the cause of action, or one beneficially
interested in the recovery, liable for the costs of an action, brought by
him in the name of another, is a special proceeding ; and, under the pro-
visions of the act of 1854 (§ 3, chap. 270, Laws of 1854), in reference to
such proceedings, costs are allowable therein.

Where costs were denied by the court below, on the sole ground of want of
power to grant them, the court recognizing the right of the applicant to
such costs, on appeal to this court, *held*, that the order be reversed and
application granted.

(Argued October 14, 1879 ; decided November 11, 1879.)

APPEAL from order of General Term of the Supreme
Court, in the fourth judicial department, affirming an order
of Special Term which denied an application of defendant
Le Grand Marvin for costs in proceedings under the statute
(2 R. S., 619, § 44) to compel George L. Marvin to pay the
costs in this action.

The costs were refused on the sole ground that the court
had no power to grant them ; it recognizing the justice of the
applicant's claim therefor.

*Le Grand Marvin*, appellant in person.   The respondent
should pay the expense of the special proceedings.   (2 R. S.,
619, § 44;  Laws 1854, chap. 270, § 3.)

*Leroy Andrus*, for respondent.   The order of General
Term should be affirmed.   (*In re Spellman* v. *Terry*, 74 N.
Y., 451.)   The appellant was only entitled to costs of motion.
(2 R. S., 619, § 44; 3 id. [6th ed.], 899;  Code of Proced-
ure, § 315;  Code of Civil Procedure, §§ 767, 768.)

RAPALLO, J.   It is claimed that the question arising on
this appeal was decided by this court in *Giles* v. *Halbert*

(12 N. Y., 34). The point· decided in that case was that a final order made in an application under 2 Revised Statutes, 619, § 44, was appealable to this court under section eleven of the Code, subdivision three. Subdivision three as it read at the date of the decision referred to (1854) authorized an appeal to review a determination in a final order affecting a substantial right made in a special proceeding, or upon a summary application in an action, after judgment. It was not material, therefore, to decide whether the application was a motion in an action, or was a special proceeding, as in either case it was appealable under the subdivision, and it is not clear that the court intended to decide the point. Its language is "the effect of the order was to render a judgment on summary application, against Purce who was not a party to the record." Nothing was said as to whether this application was to be regarded as a motion in the action, or a special proceeding.

In *Belknap*· v. *Waters* (11 N. Y., 477), the distinction between an action and a special proceeding is held to be, that a proceeding instituted by summons and complaint is an action, and that every other remedy is a special proceeding.

An application, therefore, by a creditor, to vacate a judgment by confession entered against his debtor by a third party, was held to be a special proceeding. In the present case the person proceeded against was not a party to any action. The remedy sought against him was a summary one, authorized by statute. He was not brought into court by the ordinary process of a summons, but by a notice of the· application. The application did not relate to any proceeding in the action which had been pending between George H. Marvin and .LeGrand Marvin, or the judgment therein, but its object was to enforce a statutory liability of George L. Marvin, which was not involved in that action, to which he was not a party. The proceeding was a summary one to obtain an order of the court, without action, requiring him to͏ pay the costs of the action between the applicant and George H. Marvin, and was founded wholly on the statute which declared his liability for such costs, and

that it might be enforced by attachment. It was not analogous to a motion to set aside a judgment in an action, or a satisfaction of such a judgment, or a motion relating to a proceeding in an action and having for its object to set aside or enforce some such proceeding. Such motions though made by or against one not a party to the action are proceedings in the action; but this application relates to an independent outside liability imposed by statute upon the party proceeded against, and does not affect any proceeding in the action, or the judgment therein. I think that it was a special proceeding, and that costs were allowable therein under the provisions of the act of 1854. The court below having refused these costs on the sole ground that it had no power to grant them, whilst recognizing the justice of the claim of the appellant to such costs, the orders of the special and general terms, denying the appellant's application for costs of the proceeding should be reversed, and the application granted, but the question being new and not free from doubt, no costs are given on the appeal to this court.

All concur.

Ordered accordingly.