26   459
126a 595

In the Matter of the Final Accounting of WILLIAM SIMPSON, Trustee, etc., of WALTER STEVENSON, Deceased, and of the Appointment of a Trustee in the place of WILLIAM SIMPSON, Deceased.

*Special proceedings — no allowances can be made in them — Code of Civil Procedure, sec. 3240 — what is a special proceeding.*

Under section 3240 of the Code of Civil Procedure a court has no power to grant allowances in special proceedings; it can only award costs at the rates allowed for similar services in an action brought in the same court and in like manner.

A proceeding instituted to procure the settlement of the accounts of a deceased trustee and the appointment of a successor, which is neither commenced nor prosecuted by a summons or complaint, is a special proceeding and not an action.

APPEAL by Charlotte A. Hix from an order denying a motion for the resettlement of the order made upon the accounting herein, so as to strike out the allowances made in behalf of the respective counsel appearing upon such accounting.

*Condert Brothers*, for the appellant.

*John A. Bryan*, for D. Noble Rowan, respondent.

DANIELS, J.:

As the object of the application was to correct the order made in the proceeding, the order itself must have formed the basis of the hearing which took place. And as it was before the court in contemplation of law at least, at that time, it is a very proper document for the consideration of the court on the present hearing, so far as it affords the means of understanding the case itself.

By this order as well as the affidavits which were before the court it appears that the proceeding was instituted to obtain the appointment of a trustee to execute the trust created by the will of Walter Stevenson, deceased, and also to settle the accounts of the deceased trustee, as the sole surviving executor of those who had assumed the execution of the testator's will. The proceeding resulted in a settlement of the accounts and a direction for the payment of the amount still on hand to the trustee appointed by the court. And after giving all necessary directions for that purpose the person appointed as trustee was directed to pay certain allowances to the respective counsel who had represented the parties interested in the proceeding.

The nature of this proceeding renders it clearly evident that it was not an action. It was neither commenced nor prosecuted by a summons or a complaint, but it was brought before the court upon an order made for that purpose as the substitute for a notice of motion. The proceeding, therefore, under the present Code as well as that which preceded it was what has been denominated a special proceeding as distinguished from an action. (*Marvin* v. *Marvin*, 78 N. Y., 541.) And as the authority over the subject of costs in such proceedings was regulated by chapter 270 of the Laws of 1854, they have been held not to be the subject of allowances. The

extent of the authority created by that act included only the items properly designated as costs by the Code; and that was held to exclude the power of making allowances. (*Matter of Rensselaer, etc., R. R. Co.* v. *Davis*, 55 N. Y., 145.)

The Code of Civil Procedure by its general provision upon this subject, and which includes a proceeding of this nature, has declared that costs in a special proceeding instituted in a court of record, where they are not otherwise specially regulated, may be awarded at the rates allowed for similar services in an action brought in the same court and in like manner. (Code of Civil Pro., § 3240.)

This enactment, so far as it affects the point now in controversy, is so nearly identical with that of the act of 1854 as to require that the same construction shall be given to it as that act had received, and under it consequently the power to make allowances in proceedings of this nature does not exist.

The amount which has received the most attention upon the argument of the appeal is that of the sum of $2,000 finally allowed to the respondent, as the counsel for the executors of the deceased trustee, upon the accounting. It is reasonably clear from the affidavits themselves, and also from the form and figures of this allowance in the order, that it was first entered either for the sum of $200 or $250, and it was afterwards extended by the authority of the learned judge presiding in the court in which the proceeding was pending increasing it to its present amount of $2,000. This increase was directed because the clerk had misapprehended the amount intended to be allowed. But when that was done no hearing of the parties was had before the court.

For that reason, and to afford an opportunity to contest these allowances, an application was made for the resettlement of the order either reducing this allowance to its original amount or striking out all the allowances provided for by its terms. Upon the hearing of this application all the counsel were again before the court and it resulted in a decision denying the application. From that determination the present appeal was taken, and it is sufficient under the circumstances to bring the propriety of these allowances all before the court. Neither the counsel nor the parties in whose behalf the other allowances have been made have appeared for the purpose of maintaining them. And if they had done so it could

as the law has been settled, have produced no change in the disposition which should be made of the appeal.

The final allowance to the contesting respondent was made to him as the attorney and counsel of the executors. It was therefore not a sum awarded to them to relieve them from liability for the expenditures required to be made by them on the accounting. As to preceding services of that nature they themselves had been allowed the sum of $2,050 to defray the expenses to which they had been subjected, and beyond that this controverted allowance was made directly to their attorney and counsel. For that no legal authority existed, as the law stood upon the subject, either when the proceedings were pending or when they were completed by the denial of the application. The order which was made denying the application to strike out these allowances should, therefore, be reversed and an order directed allowing the several attorneys and counsel appearing in the proceedings to have their costs and disbursements adjusted according to the items of compensation provided for similar services in actions.

This may prove an inadequate compensation for the services in fact performed, but as the statutory provisions have been made upon this subject it is all that the court can lawfully do.

No costs of this appeal should be awarded to either party.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Order reversed, without costs.