### WERBELOVSKY v. MICHAEL et al.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

1. INJUNCTION—RESTRAINING ORDERS—IRREGULARITY—AMENDMENT.

Irregularities in an order restraining the prosecution of an action at law, in that it fails to recite the grounds upon which it is granted, and fails to require plaintiff to give security as required by Code Civ. Proc. § 611, prohibiting the granting of an injunction to stay the trial of an action unless the applicant gives an undertaking to pay the party enjoined all damages and costs which may be recovered by him in the action stayed by the injunction, may be corrected by amendment.

2. INJUNCTION—MOVING PAPERS—SUFFICIENCY—STATUS AS JUDGMENT CREDITOR.

In a judgment creditor's suit, a complaint alleging the recovery of a judgment for a certain sum against defendant in the Municipal Court of the City of New York, without any allegation that the Municipal Court had jurisdiction of the parties or subject-matter, or that plaintiff is a creditor of defendant, is insufficient as an allegation of plaintiff's status as a judgment creditor to warrant the issuance of a restraining order either under Code Civ. Proc. § 603, authorizing such relief where it appears from the complaint that plaintiff is entitled to an injunction pending suit, or under section 604, authorizing the same relief where the same facts are shown by affidavit.

Appeal from Special Term, Kings County.

Action by Jacob H. Werbelovsky against David Michael and others. From a restraining order, defendant Michael appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

Jerome H. Buck, for appellant.
Leroy W. Ross, for respondent.

MILLER, J. The order appealed from restrains the defendant Michael from collecting or receiving certain moneys held by the defendant Rosenberg, and from prosecuting an action in the Municipal Court of the City of New York against said Rosenberg to

recover said moneys. The action is brought to set aside an assignment of said moneys made by the defendant Kurtz to the defendant Michael on the ground that the same was fraudulent and void as to creditors. The order is undoubtedly irregular in that it does not recite the grounds upon which it was granted, and in that it does not require the plaintiff to give security required by section 611 of the Code of Civil Procedure. These irregularities, however, could be corrected, were it not for a fundamental defect in the moving papers. Whether the application is made under section 603 or section 604, we think it should not be granted except upon proof that the plaintiff has a cause of action. The plaintiff sues as judgment creditor, and the only statement in the moving papers tending to establish that he is a judgment creditor of the defendant Kurtz is the bare allegation contained in the complaint "that on or about the 6th day of September, 1904, the plaintiff recovered a judgment against the defendant Jacob Kurtz in the Municipal Court of the City of New York, borough of Brooklyn, Third District, for the sum of four hundred and fifty-nine and $^{27}/_{100}$ ($459.27) dollars, in an action wherein this plaintiff was plaintiff and the said defendant Jacob Kurtz was defendant." There is no allegation tending to show that the Municipal Court had jurisdiction either of the parties or of the subject-matter, and there is no statement that the plaintiff is even a creditor of the defendant Kurtz. The mere fact that a judgment was rendered in the Municipal Court in his favor and against said defendant does not establish his right to maintain the action, and there is no presumption that the court had jurisdiction. Frees v. Blyth, 99 App. Div. 541, 91 N. Y. Supp. 103. If the application were made under section 603, the defect in the complaint would clearly be fatal (McHenry v. Jewett, 90 N. Y. 58), and could not be supplied even by affidavits. If the application is treated as made under section 604, the plaintiff is in no better position, because the moving papers do not contain the necessary statements to show that the plaintiff has any standing to maintain the action.

The order should therefore be reversed, with $10 costs and disbursements. All concur.