dence was objected to by defendant's counsel, but the referee overruled the objection, subject to a motion to strike out, and directed the witness to answer, and he said, "Between 10 and 12 cents per bushel." The form of the question was bad, and the referee would have been justified in sustaining defendant's objection, because the witness was not asked to give the value of good malt and that of bad malt, and thus allow the court to do the subtracting, instead of the witness. In practical effect, however, the evidence was the same, and the defendant appears to have been content with it, because he subsequently made no motion to strike it out. The referee, however, after the case had been submitted to him for decision, concluded of his own motion to strike it out, and did so, by quoting the question and objection and saying that the objection was sustained and answer stricken out. This he could not do. Where an objection to the admission of evidence is overruled, and the evidence is received subject to a motion to strike it out, unless such motion is made the evidence remains in the case. A court has no right on its decision, after a case has been tried and submitted, to clean its record by changing its rulings upon the admission or exclusion of evidence. Robinson v. N. Y. Elev. R. R. Co., 175 N. Y. 220, 67 N. E. 431; Bloss v. Morrison, 47 Hun, 218. When the defendant rested without moving to strike out the evidence, he had the right to rely upon the fact that one of plaintiff's chief witnesses had testified that the difference in value between good and bad malt was only from 10 to 12 cents, and that the referee would take this evidence into consideration, instead of striking it out, and finding that difference to be 17½ cents.

Many other errors are urged by the appellant, but we do not deem it necessary to consider them.

The judgment should be reversed, and a new trial granted before another referee, with costs to the appellant to abide the event. All concur.

(109 App. Div. 600)

## FRIEDMAN v. METROPOLITAN S. S. CO.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. COSTS—PARTIES LIABLE—ASSIGNORS—PROCEEDINGS TO CHARGE—PRACTICE.

A proceeding against the assignor of a cause of action to charge him with costs under Code Civ. Proc. § 3247, providing that, where an action is brought in the name of another by a transferee, he is liable for costs as if plaintiff, and that, where costs are awarded against the plaintiff, the court may direct the person so liable to pay them, is a special proceeding, properly commenced by notice or order to show cause.

2. SAME—JURISDICTION.

Municipal Court Act, Laws 1902, p. 1565, c. 580, § 261, provides that, upon the docketing of a judgment of the Municipal Court in the county clerk's office, the judgment shall be deemed one of the Supreme Court, and may be enforced accordingly. Held that, where a judgment against plaintiff for costs in the Municipal Court was docketed in the Supreme Court, proceedings under section 3247, Code Civ. Proc., to charge the assignor of the cause of action, with costs, were properly brought in the Supreme Court.

3. SAME—REMEDY FOR COLLECTION—MOVING PAPERS—SUFFICIENCY.

Code Civ. Proc. § 352, provides that, in pleading a judgment of a court of special jurisdiction, jurisdictional facts need not be alleged, but the

judgment or determination may be stated to have been "duly given or made." *Held*, that on proceedings in the Supreme Court to charge the assignor of a cause of action with costs under section 3247, the judgment for costs having been rendered in the Municipal Court and docketed in the county clerk's office, it was necessary for the moving papers to comply with the statute or allege the jurisdictional facts.

Appeal from Special Term, New York County.

Action by Philip Friedman, as assignor of Louis Siff and others against the Metropolitan Steamship Company. From an order directing Louis Siff and others to pay a judgment for costs recovered by defendant, they appeal. Reversed.

See 90 N. Y. Supp. 401.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Mark D. Goodman, for appellants.

Henry L. Stimson, for respondent.

CLARKE, J. The plaintiff, as assignee of Louis Siff, Max Siff, and Moses L. Siff, composing the firm of Louis Siff & Bros., brought an action in the Municipal Court for the Seventh District, Borough of Manhattan, against the defendant to recover the sum of $72 for its alleged failure as a common carrier to transport and deliver within a reasonable time certain merchandise. Such proceedings were had that the defendant obtained judgment for costs against the plaintiff, taxed at $111. The judgment was docketed in the office of the clerk of the Municipal Court and the time for plaintiff to appeal has expired. A transcript of said judgment was filed, and said judgment was docketed in the New York county clerk's office. Thereafter an execution was issued, and execution returned unsatisfied. This proceeding was instituted against the assignors of said claim to charge them with the costs under section 3247 of the Code of civil procedure which provides:

"Where an action is brought in the name of another by a transferee of the cause of action, or by any other person, who is beneficially interested therein, * * * the transferee or other person so interested, is liable for costs, in the like cases and to the same extent as if he was the plaintiff; and where costs are awarded against the plaintiff, the court may by order, direct the person so liable to pay them."

The proceeding resulted in the order appealed from, which, inter alia, provides:

"That said Louis Siff, Max Siff, and Moses L. Siff, composing the firm of Louis Siff & Bros., as the persons who brought the aforesaid action, entitled 'Philip Friedman, Plaintiff, against Metropolitan Steamship Company, Defendant.' and as the persons who were beneficially interested in the recovery therein, be, and they each are hereby, directed to pay * * * the costs recovered * * * against * * * the plaintiff in this aforesaid action, amounting to the sum of $111.30. * * *"

Upon the merits, namely, that the appellants were the persons who were beneficially interested in said suit, the evidence fully sustains the action of the learned court in making the order at bar. It is necessary, therefore, to consider only the questions raised as to practice, jurisdiction, and technical requirements.

By section 261 of the Municipal Court act (Laws 1902, p. 1565, c. 580) upon the docketing of the judgment of the Municipal Court upon the transcript in the county clerk's office, "thenceforth the judgment is deemed a judgment of the Supreme Court and may be enforced accordingly." The proceeding is a special proceeding founded upon the statute, summary in its nature, and properly commenced by notice or order to show cause. Marvin v. Marvin, 78 N. Y. 541. It has for its basis the judgment awarding costs against the plaintiff. It therefore is a proceeding to enforce the judgment; and, as the judgment is now a statutory judgment of the Supreme Court, this court, and not the Municipal Court, has jurisdiction of this special proceeding. As a statutory remedy to collect the amount found due by the judgment, by seeking to have substituted for the nominal party the real parties in interest, it is analogous to the other special proceedings after judgment of which upon docketed Municipal Court judgments this court has been held to have jursidiction.

There is, however, one objection urged which is of weight. In pleading or proving a judgment of a court of limited or special jurisdiction, the facts necessary to confer jurisdiction to render the judgment must be fully set forth, or every fact necessary to confer jurisdiction to render judgment in the action must be recited. Section 532 of the Code allows an alternative:

"In pleading a judgment or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made."

The moving papers do not set forth the necessary jurisdictional facts, nor do they comply with the Code provision cited. In Werbelovsky v. Michael, 106 App. Div. 138, 94 N. Y. Supp. 156, the learned Appellate Division in the Second Department set aside an injunction in a judgment creditor's action upon a Municipal Court judgment upon this precise point, stating:

"The mere fact that a judgment was rendered in the Municipal Court in his favor and against said defendant does not establish his right to maintain the action; and there is no presumption that the court had jurisdiction" (citing Frees v. Blyth, 99 App. Div. 541, 91 N. Y. Supp. 103).

For this reason the order must be reversed, with $10 costs and disbursements, with leave to renew the application upon proper papers to the court below. All concur.