(153 App. Div. 194.)

## CHAMBERS v. BACON.

(Supreme Court, Appellate Division, First Department. November 22, 1912.)

1. Costs (§ 280*)—Application for Payment.
    An application for an order requiring the real party in interest to pay costs may be either by notice of motion therefor, or by an order to show cause.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1040–1042; Dec. Dig. § 280.*]

2. Motions (§ 22*)—Notice—Service.
    Notice of a motion directed to a bank in another state may be served on a director of the bank in New York City; the cause of action, to which it made itself a party, arising in the state.
    [Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 18, 19; Dec. Dig. § 22.*]

3. Appearance (§ 8*)—General Appearance.
    A bank by moving to ·be substituted as plaintiff in an action on a promissory note prosecuted by another in the bank's behalf in effect made itself a party, and submitted itself to the court's jurisdiction, though it neglected to enter the order granting its motion.
    [Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 26–41; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Sidney G. Chambers against Alexander S. Bacon. From an order denying a motion to direct the First National Bank of Durham, N. C., to pay the costs awarded to defendant, defendant appeals. Reversed, and motion granted as stated.

See, also, 127 App. Div. 940, 111 N. Y. S. 823.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Alexander S. Bacon, of New York City, pro se.
Louis Sturcke, of New York City, for respondent.

SCOTT, J. Appeal by defendant from an order denying his motion, under section 3247, Code Civil Procedure, that the First National Bank of Durham, N. C., be required to pay a judgment for costs rendered in favor of said defendant. The action, which was on a promissory note, was prosecuted by the plaintiff above named in behalf of the First National Bank of Durham, who it is not denied was at all times the beneficial owner of the note and cause of action, and the party in whose behalf the action was prosecuted. Indeed, in 1906, the bank made a motion that, as actual owner of the claim it be substituted as plaintiff, which motion was granted, although the order thereon has not been entered, owing to the illness of the justice who granted it. The bank is therefore clearly a person against whom such an order as is now applied for may properly be granted. The objections are purely technical, and are without merit. It is said that the proceeding should be instituted by an order to show cause, rather than by a notice of motion. This is placed upon the ground that in order to punish the bank for ·contempt in not paying the costs, which is the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

remedy provided by section 3247, the party to be punished must be brought into court by some "process," and that a notice of motion served upon some persons not a party to the action is not "process."

[1] It seems to be settled that an application for an order requiring the real party in interest to pay costs may be made either by a notice of motion or an order to show cause. Marvin v. Marvin, 78 N. Y. 541; Friedman v. Metropolitan S. S. Co., 109 App. Div. 600, 96 N. Y. Supp. 331. If the bank refuses to obey the order, and a proceeding to punish it becomes necessary, it will be time enough to consider how that proceeding should be begun.

[2] The notice of motion was served in the city of New York upon a director of the bank. In this state such a service is sufficient (Grant v. Cananea Cons. Copper Co., 189 N. Y. 241, 82 N. E. 191), for clearly the cause of action arose in this state.

[3] Furthermore, in our opinion, the bank by moving to be substituted as plaintiff in effect made itself a party to the action, and certainly submitted itself to the jurisdiction of the court. It cannot defeat the consequence of that action by neglecting to enter the order granting its motion.

The order appealed from must be reversed, with 10 costs and disbursements, and the motion granted to the extent of ordering the bank to pay, leaving the question of the enforcement of the order in case of refusal to obey it to be hereinafter passed upon.

Settle order on notice. All concur.