In the Matter of Proceedings Supplementary to Execution under a Judgment in an Action Wherein I. NEWTON STREEP was Plaintiff and MICHAEL STREEP was Defendant.

I. NEWTON STREEP, Respondent; MICHAEL STREEP and IGNACE IRVING APFEL, Appellants.

Second Department, February 15, 1918.

Supplementary proceedings — jurisdiction of justice of Supreme Court to make order for examination of judgment debtor — enforcement of judgment of Municipal Court.

When a judgment recovered in the borough of Brooklyn in the Municipal Court of the City of New York is docketed with the county clerk of Kings county, it is deemed a judgment of the Supreme Court and may be enforced accordingly, and a justice of the Supreme Court has jurisdiction to make an order for the examination of the judgment debtor in proceedings supplementary to execution.

APPEAL by Michael Streep and another from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 12th day of June, 1917, as resettled by an order entered in said clerk's office on the 19th day of June, 1917, punishing the appellants severally for contempt of court, and also from an order made on the 22d day of March, 1917, referring to an official referee the question of taking testimony thereon.

*Charles Goldzier*, for the appellants.

*A. I. Nova*, for the respondent.

PER CURIAM:

We think that the justice of the Supreme Court had jurisdiction to make the order for the examination of the judgment debtor. When the judgment recovered in the borough of Brooklyn, in the Municipal Court of the City of New York, was docketed with the county clerk of Kings county, it was deemed a judgment of the Supreme Court and it could be enforced accordingly. (N. Y. City Mun. Ct. Code [Laws of 1915, chap. 279], § 131.) The said order made by the said justice in the county of Kings was in enforcement of the judgment. (*Emery* v. *Emery & Redfield*, 9 How. Pr. 130,

133. See, too, *Friedman* v. *Metropolitan Steamship Co.*, 109 App. Div. 602.)

The orders should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., MILLS, RICH, BLACKMAR and KELLY, JJ., concurred.

Orders affirmed, with ten dollars costs and disbursements.