In the Matter of Supplementary Proceedings of CHARLES HUBER, Judgment Creditor, *v.* MORAN-GREENBERG CORPORATION, Judgment Debtor.

In the Matter of Supplementary Proceedings of PAUL GLASER, Judgment Creditor, *v.* MORAN-GREENBERG CORPORATION, Judgment Debtor.

County Court, Kings County, December, 1922.

Supplementary proceedings — county judge without jurisdiction where execution was issued to a city marshal on judgment of Municipal Court — contempt.

A county judge has no jurisdiction in proceedings supplementary to an execution issued to a city marshal upon a judgment recovered in the Municipal Court of the city of New York, and an order for the examination of the judgment debtor signed by a county judge is a nullity and may be disregarded.

Where the judgment debtor failed to appear upon an adjourned date of the hearing had pursuant to such an order, he may not be punished as for contempt.

MOTIONS for reargument of contempt proceedings.

*Abraham L. Doris,* for judgment creditor.

*Langfur & Rush,* for judgment debtor.

TAYLOR, J. The judgment debtor moves for reargument of contempt motions in both of the above-entitled supplementary proceedings. The alleged contempt consists of non-appearance pursuant to order, upon an adjourned date. The contempt applications have no basis unless the judge who signed the order for the examination of the judgment debtors had jurisdiction of the supplementary proceedings. If he had no jurisdiction, then his orders were null, and the judgment debtors had a right to disregard them. Both proceedings were based upon the return, unsatisfied, of executions issued to a city marshal, upon Municipal Court judgments. The orders for examination were signed by a county judge. The Civil Practice Act apparently fails to confer jurisdiction upon county judges to act in such cases. By recent amendment the scope of section 775 was enlarged so as to authorize supplementary proceedings based upon the issuance of an execution to a city marshal, where the judgment was recovered in the Municipal Court of the city of New York. But that amendment fails to provide what judges may entertain the proceedings. For

authority to entertain we have to look to section 778, which has not been the subject of recent amendment. There we find the jurisdiction of county judges stated as follows: " Either special proceeding authorized by this article may be instituted before * * * the county judge * * * *of the county to which the execution was issued.*" (Italics mine.) It is, therefore, apparent that a county judge has jurisdiction only where execution was issued to his *county;* meaning an execution to the sheriff. The proceeding being purely statutory jurisdiction cannot be found other than as expressly stated in the statute. Where the supplementary proceeding is based upon execution to a city marshal, jurisdiction to entertain the same is conferred by the same section as follows: " Either special proceeding authorized by this article may be instituted before a judge of the court out of which * * * the execution was issued * * *. Where the execution was issued out of a court other than the supreme court, and it is shown by affidavit that each of the judges before whom the special proceedings might be instituted, as prescribed by this section, is absent from the county, or for any reason unable or disqualified to act, the special proceedings may be instituted before a justice of the supreme court. * * * Where the judgment * * * was recovered in a municipal court of the city of New York, either special proceeding shall be instituted before a justice of the city court of the city of New York." (The omitted portions include a special provision for return in a case where the order is made by a non-resident justice of the Supreme Court.) It is, therefore, apparent that supplementary proceedings based upon an execution issued to a city marshal may be entertained by a justice of the Municipal Court, in the county; or, under the conditions above stated, by a justice of the Supreme Court; or, subject to the statutory limitations of the New York City Court Act, by a justice of the City Court of the city of New York. In the proceedings at bar the judgment creditor urges that jurisdiction was acquired by personal appearance of the judgment debtor. Such appearance might confer jurisdiction of the person where the court or judge has jurisdiction of the proceeding; but it cannot confer jurisdiction of the proceeding itself where for want of statutory authority the same is a nullity. Both motions for reargument are granted and the motions to attach and punish for contempt are denied.

Ordered accordingly.