In the Matter of Proceedings Supplementary to Execution under a Judgment in Favor of REGINA CLOAK & SUIT CORPORATION, INC., Judgment Creditor, *v.* ADOLPH ZALMOVITZ, Judgment Debtor.

Supreme Court, Kings Special Term, February, 1923.

Supplementary proceedings — jurisdiction of Supreme Court — judgment of Municipal Court of the city of New York — return of execution unsatisfied by city marshal — contempt — reference to ascertain whether or not order was duly served.

Since the amendment to section 775 of the Civil Practice Act (Laws of 1922, chap. 550) supplementary proceedings may be instituted in the Supreme Court upon the return unsatisfied of an execution issued to a city marshal pursuant to sections 130 and 135 of the Municipal Court Code, upon a judgment of the Municipal Court of the city of New York, and a motion to dismiss the proceedings on the ground that the court had no jurisdiction because an execution was never issued to the sheriff of the county will be denied.

**322** Matter of Regina Cloak & Suit Corp., Inc., *v.* Zalmovitz.

Supreme Court, February, 1923. [Vol. 120

Where from the affidavits upon such motion and upon motion to punish the judgment debtor for contempt in failing to appear for examination, the court is unable to determine whether the order for examination was served upon him, the court upon denying the motion to dismiss will refer the matter to an official referee to take the proof and report the same with his opinion thereon.

Contempt proceeding.

*Drechsler, Orenstein & Leff,* for judgment creditor.

*Gans, Davis & O'Neill (Joseph Gans,* of counsel), for judgment debtor.

Faber, J. Motion to punish judgment debtor for contempt in failing to obey order for his examination in supplementary proceedings. He claims that this court has no jurisdiction of the proceeding, because an execution was never issued to the sheriff and by him returned unsatisfied. Judgment was obtained in the Municipal Court and an execution issued to the city marshal was returned unsatisfied. Counsel for the debtor contends that because of an amendment of section 775 of the Civil Practice Act passed by the legislature in 1922, taking effect April 11, 1922, there has been confusion created relating to supplementary proceedings. Section 775 specifies in what cases a judgment creditor may maintain supplementary proceedings, and the amendment reads as follows (referring to execution): " 4. If the judgment was recovered in the Municipal Court of the city of New York, to a city marshal pursuant to sections one hundred and thirty and one hundred and thirty-five of the New York City Municipal Court Code." Prior to this amendment the law was well settled that after obtaining a judgment in the Municipal Court and before supplementary proceedings would lie the judgment creditor was required to obtain a transcript of the judgment, file the same in the county clerk's office of the county where the judgment debtor resided, or has a place for the regular transaction of business in person, issue an execution to the sheriff of such county, and return such execution unsatisfied. Mun. Ct. Code, §§ 130, 131, 135; Civ. Prac. Act, §§ 775, 778; *Friedman* v. *Met. Steamship Co.,* 109 App. Div. 600; *Matter of Streep,* 181 App. Div. 869. Since the amendment of section 775 of the Civil Practice Act, referred to, it appears perfectly plain that when an execution is issued to a city marshal, pursuant to sections 130 and 135 of the Municipal Court Code, and such execution be returned unsatisfied, proceedings supplementary to execution may be instituted in this court, and the order objected to in the instant case was properly granted in enforcement of the judgment, and the judgment debtor's motion to dismiss is, therefore, denied.

The judgment debtor also moves to dismiss the proceedings on

the ground that the order for his examination in this proceeding was not served upon him. This question I am unable to determine from the affidavits, and, therefore, refer the same to an official referee to take proof and report his opinion as to that. Submit order.

Ordered accordingly.