In the Matter of Supplementary Proceedings: R. M. HOLLINGSHEAD COMPANY, a Corporation, Judgment Creditor, *v.* CARMINY SANTILLO, Judgment Debtor.

Supreme Court, Kings County, June, 1923.

**Supplementary proceedings — judgment of Municipal Court of the city of New York — execution issued to city marshal and returned unsatisfied — when justice of Supreme Court has no jurisdiction.**

Supplementary proceedings were instituted before a justice of the Supreme Court in Kings county upon a judgment rendered in the Municipal Court of the city of New York upon which execution had been issued to a city marshal and returned unsatisfied. Judgment had not been docketed in the county clerk's office of Kings county nor execution issued to the sheriff of that county, the alleged residence of the judgment debtor. Application is now made to punish the judgment debtor for contempt. *Held*, that the justice of the Supreme Court sitting in Kings county had no authority to entertain the supplementary proceedings and that the original order for the examination of the judgment debtor was void and that the debtor was not in contempt for disobeying it.

MOTION to punish judgment debtor in supplementary proceedings for contempt.

*Edward B. Levy*, in support of motion.

No appearance in opposition to motion.

BENEDICT, J. Supplementary proceedings were instituted before a justice of this court upon a judgment rendered in the Municipal Court of the city of New York. The judgment had not been docketed in the office of the county clerk of Kings county, nor execution issued to the sheriff of said county, in which county it was alleged that the judgment debtor resided; but it appeared that execution had been issued to a city marshal and returned unsatisfied. By a new subdivision added to section 775 of the Civil Practice Act by chapter 550 of the Laws of 1922, and designated as subdivision 4, a judgment creditor is authorized to maintain supplementary proceedings under such circumstances. The question to be decided is, before what judge the proceeding in such case is to be

instituted. This question must be answered by section 778. The 1st sentence of that section provides as follows: " Either special proceeding authorized by this article may be instituted before a judge of the court out of which, or the county judge, the special county judge or the special surrogate, of the county to which the execution was issued, or, where it was issued to the city and county of New York, from a court other than the city court of that city, before a justice of the supreme court for that city and county."

Passing over the obvious inappropriateness of some of the language used, such as the reference to the issuance of an execution " to the city and county of New York " instead of to the sheriff of the county of New York, and the reference to " a justice of the supreme court for that city and county," there being, of course, no such judicial officer, this sentence evidently means that supplementary proceedings may be instituted, first, before a judge of the court out of which the execution was issued, or if the execution be issued to the sheriff of any county then before the county judge, special county judge or special surrogate of such county, or where an execution, not issuing out of the City Court of the city of New York, is issued to the sheriff of the county of New York, then before a justice of the Supreme Court sitting in that county. None of these provisions authorizes a justice of the Supreme Court sitting in Kings county to entertain such a proceeding upon a judgment of the Municipal Court of the city of New York, unless such judgment has been docketed in Kings county and execution issued out of the Supreme Court to the sheriff of that county, in which case such justice would have jurisdiction to entertain the proceeding as a judge of the court out of which the execution was issued. The 2d sentence of section 778 reads as follows: " Where the execution was issued out of a court other than the supreme court, and it is shown by affidavit that each of the judges before whom the special proceedings might be instituted, as prescribed by this section, is absent from the county, or for any reason unable or disqualified to act, the special proceedings may be instituted before a justice of the supreme court."

This gives a justice of the Supreme Court jurisdiction, where the execution was issued out of some other court, only in case of the absence, inability or disqualification of each judge having jurisdiction under other provisions of the section. It implies that there must be some judicial officer other than a justice of the Supreme Court who has jurisdiction, but that the particular incumbent is for some reason unable to act. Hence this sentence confers no jurisdiction on a justice of the Supreme Court in a case like the present. The 3d and 4th sentences have no bearing on

the question. The 4th sentence is another example of the careless use of language. Literally interpreted the only judge having jurisdiction to entertain supplementary proceedings on a judgment of the Municipal Court of the city of New York would be a justice of the City Court of the city of New York, irrespective of the county in which the judgment was recovered or in which the debtor resided. But it has been interpreted, I believe, to apply only to cases where the proceeding is instituted in the county of New York.

There is, therefore, nothing in section 778 to confer jurisdiction on a justice of the Supreme Court sitting in any county other than New York county to entertain such a proceeding, where the execution has been issued out of the Municipal Court to a city marshal. In such case it would appear that the only judge before whom the proceeding could be instituted would be a justice of the Municipal Court. See *Matter of Huber* v. *Moran-Greenberg Corp.*, 120 Misc. Rep. 104; *Corrigan* v. *Kahn*, Id. 161.

In reaching this conclusion I am obliged, regretfully, to differ with my brother Faber, who has taken the opposite view. *Regina Cloak & Suit Corp.* v. *Zalmowitz*, 198 N. Y. Supp. 845. I cannot see, however, that there is anything in section 778 of the Civil Practice Act which in any way authorizes a justice of the Supreme Court to act in such a case as the present.

I hold, therefore, that the original order for the judgment debtor's examination was void, and the debtor was not in contempt for disobeying it. Motion denied. No costs.

Ordered accordingly.