In the Matter of Supplementary Proceedings of MORRIS ROSEN, Plaintiff, *v.* SAM POLANSKY, Defendant.

Supreme Court, Kings Special Term, August, 1923.

**Supplementary proceedings — Municipal Court of city of New York has no jurisdiction to entertain — return of execution unsatisfied by marshal sufficient basis for proceeding in Supreme Court — when third party punished for contempt in failing to obey order for examination.**

Supplementary proceedings being substitutes for the old creditor's bill, as formerly used in chancery, are in the nature of equitable actions, and the Municipal Court of the city of New York has no jurisdiction to entertain such proceedings.

Under section 775 of the Civil Practice Act, as amended in 1922, the return of a marshal to an execution duly issued upon a judgment obtained in the Municipal Court of the city of New York is a substitute for the filing of a transcript of such judgment with the county clerk and the issuance thereon to the sheriff of an execution and its return by him.

Where an execution upon a judgment recovered in the Municipal Court of the city of New York was issued to the marshal pursuant to sections 131 and 135 of the Municipal Court Code, and returned unsatisfied, the Supreme Court, under section 775 of the Civil Practice Act, as amended, read with section 778 of said act, has jurisdiction in supplementary proceedings, though it is not made to appear that any execution had been issued to the sheriff or that any transcript of the judgment had been filed in Kings county, where the judgment debtor resides.

A claim that because no such execution was issued or transcript filed, the court was without jurisdiction, does not excuse the failure of a resident of Kings county to appear for examination in obedience to a third party order, and he will be adjudged in contempt.

MOTION to punish third party for contempt.

*Samuel B. Fried,* for plaintiff.

*Abraham I. Wolf,* for defendant.

CROPSEY, J.  Upon this motion to punish a third party for contempt for failing to appear on the adjourned day for examination the jurisdiction of this court to entertain the proceeding is challenged. The papers show the obtaining of a judgment in the Municipal Court in the borough of Manhattan, the issuance of an execution thereon to the marshal of the city of New York and its return unsatisfied. There is nothing to show that any execution was issued to the sheriff or that any transcript of the judgment has been filed in Kings county. Because there was no such execution issued or transcript filed the claim is that this court is without jurisdiction. This question involves the construction of the amendment made in 1922 to section 775 of the Civil Practice Act. That section is headed " In what cases judgment creditor may maintain

proceeding." Among other things it provides that in order to entitle a judgment creditor to maintain the proceeding, execution must have been issued out of a court of record. The section then continues that the execution must have been issued to the sheriff, indicating the county, and the 4th subdivision, which is the one added by the amendment, reads: " or, if the judgment was recovered in the municipal court of the city of New York, to a city marshal pursuant to sections one hundred and thirty and one hundred and thirty-five of the New York city municipal court code." The contention of the third party is that although the judgment was recovered in the Municipal Court and the execution has been issued to the marshal, pursuant to the sections of the Municipal Court Code, still this court is without jurisdiction because of the language of section 778 of the Civil Practice Act which was not amended. That section is headed " Before whom proceeding instituted." It provides that the proceeding may be instituted before a judge of the court out of which the execution was issued, or the county judge of the county to which it was issued, or, where it was issued to the county of New York from a court other than the City Court, before a justice of the Supreme Court. It also contains the provision that where the judgment upon which the execution was issued was recovered in the Municipal Court of the city of New York the proceeding " shall be instituted before a justice of the city court of the city of New York." This section has been amended by the laws of this year (Laws of 1923, chap. 384) by adding at the end of the quoted matter, " or before the county judge of the county in which such municipal court district is located." This latter amendment, however, is not effective until September 1, 1923.

The effect of the amendment of section 775 has been considered in several opinions and various conclusions have been reached which are not in harmony. Some of the decisions hold that by virtue of this amendment the Supreme Court has jurisdiction of these proceedings without the issuance of an execution to the sheriff or the filing of a transcript. *Matter of Regina Cloak & Suit Corp.* v. *Zalmovitz,* 120 Misc. Rep. 321. A similar decision is the one holding that the County Court has such jurisdiction. *Baker* v. *Slotkin,* N. Y. L. J. April 2, 1923, Gibbs, J. Other decisions hold that neither the County Court nor the Supreme Court has jurisdiction. *Matter of Huber* v. *Moran-Greenberg Corp.,* 120 Misc. Rep. 104; *Corrigan* v. *Kahn,* Id. 161; *Hollingshead Co.* v. *Santillo,* 121 id. 200. These latter cases state that the amendment gives jurisdiction to the Municipal Court to conduct supplementary proceedings.

The amendment under consideration was certainly intended to work some change in the existing practice. No case called to the court's attention has suggested that the amendment was meaningless or wholly ineffective for every purpose. If it be not the latter then it must be construed so as to give it some effect. If it is to mean anything it must follow that some court has jurisdiction to issue the proceeding upon the return of an execution issued to the marshal. There can be but four courts that could possibly have such jurisdiction, the Municipal Court, City Court of New York, the County Court, and the Supreme Court. Or it may be that more than one of those courts has such jurisdiction. Notwithstanding the views expressed in the cases referred to, to the effect that the Municipal Court has such jurisdiction, I cannot concur in that view. Municipal Courts are not expressly given such jurisdiction and jurisdiction should not be conferred by implication. Moreover, supplementary proceedings are in the nature of equitable actions, being substitutes for the old creditor's bill, as formerly used in chancery (*Importers' & Traders Nat. Bank* v. *Quackenbush,* 143 N. Y. 567, 571; *Lynch* v. *Johnson,* 48 id. 27), and the Municipal Courts have not equitable jurisdiction. The City Court of New York may have jurisdiction in a proper case but its jurisdiction is not coextensive with the present territorial limits of the city. That court could not require the examination before it of a debtor or other party who, for instance, resided and had his place of business within the county of Kings, because such person can be examined only in that county. Civ. Prac. Act, § 787. The papers in the present case show that both the judgment debtor and the third party reside in Kings county. Therefore, if the amendment is to have any effect so far as it relates to persons outside the possible jurisdiction of the City Court of the city of New York, it must be held that either the County Court or the Supreme Court or both have such jurisdiction. Prior to the amendment of 1923 there was nothing to indicate that the County Court was to have such jurisdiction to the exclusion of the Supreme· Court even if that amendment may so provide which is not now decided. Nor do I see anything inconsistent in holding that the Supreme Court has jurisdiction in this case. Section 775, as amended, must be read together with section 778, and so reading them they provide that where the execution has been issued to a· sheriff or if not so issued but instead was issued to the marshal upon a judgment recovered in the Municipal Court, the Supreme Court has jurisdiction of the proceeding. To hold otherwise would seem to wholly nullify the effect of the amendment to section 775.

Nor is it necessary that a transcript should be filed in the county

clerk's office to give this court jurisdiction. So filing a transcript of a judgment of the Municipal Court makes it a judgment of this court. *Matter of Streep*, 181 App. Div. 869. But it is not necessary that the judgment should be a judgment of this court in order to maintain a supplementary proceeding. The legislature has the power to confer jurisdiction to maintain such a proceeding based upon the judgment of another court. The proceeding is not a motion in the action but is a special proceeding. Civ. Prac. Act, § 774. The language of section 778 wherein jurisdiction to maintain such proceedings under certain conditions is given to the City Court of the city of New York shows that a judgment does not have to be a judgment of the court entertaining the proceeding. And in such a case although a transcript has been filed in the county clerk's office and thus the judgment has become a judgment of the Supreme Court still the City Court may have jurisdiction of the proceeding. *Matter of Hottenroth* v. *Flaherty*, 61 Misc. Rep. 108, 111; *Bridges* v. *Koppelman*, 63 id. 27, 40; *Baldwin* v. *Perry*, 25 Hun, 72, 73. I think the effect of the amendment in question was to substitute the return of a marshal to an execution issued to him upon a judgment obtained in the Municipal Court for the filing of a transcript of such judgment with the county clerk and the issuance thereon to the sheriff of an execution and its return by him.

Hence, I find the third party in contempt. If any good reason can be shown to excuse the default that may be presented by affidavit upon settlement of the order, notice of which should be given. Motion granted.

Ordered accordingly.