In the Matter of the Application of CORN EXCHANGE BANK, Judgment Creditor, *v.* SAMUEL B. HIRSCHBERG, Judgment Debtor.

Supreme Court, Kings Special Term, June 4, 1924.

Supplementary proceedings — judgment procured in Municipal Court district in New York county — failure to file transcript in Kings county where judgment debtor resides or to issue execution to sheriff of said county — justice of Supreme Court in Kings county without jurisdiction under Civil Practice Act, § 778, as amended, to grant order for examination of judgment debtor — motion to punish judgment debtor for contempt for failure to appear for examination denied.

A justice of the Supreme Court sitting in Kings county has no jurisdiction under the Civil Practice Act, section 778, as amended by chapter 384 of the Laws of 1923, to grant an order for the examination of a judgment debtor in supplementary proceedings where it appears that the judgment was recovered in one of the Municipal Court districts of New York county; that no transcript was filed in Kings county or execution issued to the sheriff of said county where the judgment debtor resides or has his place of business; and, therefore, said order being void, a motion to punish the judgment debtor for contempt for failure to appear for examination will be denied.

MOTION to punish judgment debtor for contempt.

*Albert Falck,* for the judgment creditor.

BENEDICT, J.   This is a motion to punish a judgment debtor for contempt for failure to appear in response to the order for his examination, made by a justice of this court sitting in Kings county, where the order was returnable.   The judgment was rendered in the Municipal Court of the city of New York, in the first district of the borough of Manhattan, and execution was issued thereon to a city marshal, and has been returned unsatisfied.   No transcript was filed in the Kings county clerk's office, nor was execution issued to the sheriff of Kings county.   The application, therefore, brings up again the question of the jurisdiction of a justice of this court sitting in Kings county to make an order for the examination of a judgment debtor under such circumstances.   This question has already been once before me, and I held that there was no such jurisdiction for reasons expressed in *Matter of Hollingshead Co.* v. *Santillo,* 121 Misc. Rep. 200.   Since then Mr. Justice Cropsey has reached the opposite conclusion in *Matter of Rosen* v. *Polansky,* 121 Misc. Rep. 395.   His opinion fails to convince me that section 778 of the Civil Practice Act can properly be so read in connection with the amendment of 1922 to section 775 as to give jurisdiction to a justice of this court on the circumstances above disclosed. The reasons for my conclusions are fully set forth in the case first above cited, and need not be here repeated.   If, as suggested by Mr. Justice Cropsey, the legislature could not, or at least did not, confer upon the justices of the Municipal Court jurisdiction to entertain supplementary proceedings, then the result is that the amendment of 1922 to section 775 was nugatory because of the failure of the legislature to make also a correlative amendment to section 778.   Undoubtedly the courts should seek to give effect to statutes and to carry out the intention of the legislature whenever that is reasonably possible, but if a statute be unworkable because of some defect therein, it is not the duty of the courts, nor have they the power, to supply such defect.   That is the situation here presented, as I view it, if the legislature did not or could not confer jurisdiction of these proceedings on the justices of the Municipal Court.

The amendment of 1923 to section 778 has served to remove the defect in part.   By that amendment the last sentence of the section is made to read as follows: " Where the judgment upon which the execution was issued was recovered in a municipal court of the city of New York, either special proceeding shall be instituted before a justice of the city court of the city of New York, *or before the county judge of the county in which such municipal court district is located.*"   Laws of 1923, chap. 384.   The amendment is shown by the italicized words.   This enables a county judge in Kings,

Queens, Richmond and Bronx counties to entertain supplementary proceedings on Municipal Court judgments, where the execution has been issued to a marshal, if the judgment was recovered in a Municipal Court district located in the county and the judgment debtor resides or has a place for the regular transaction of business in person in the same county. But it does not cover a case like the present where the judgment was recovered in one of the Municipal Court districts in New York county, and the judgment debtor is alleged to have his place of business or residence in Kings county.

It has been rumored that the legislature adopted some further amendment during the session of 1924, but, if so, I have been unable to find it among the Session Laws published up to this time in the advance sheets of the official series. If, as is usual in such cases, such amendment, if any there be, is to take effect on September first next, it would not affect the present situation. The original order in this case was made on January 22, 1924, so that it is highly improbable that there is any act of the legislature this year which would validate it.

For the reasons above specified, the order for the judgment debtor's examination was void, the justice who granted it being without jurisdiction to do so, and hence the judgment debtor was not guilty of contempt in disobeying it. Motion denied, without costs.

Ordered accordingly.