In the Matter of Supplementary Proceedings: ISIDORE SOLOMON, Judgment Creditor, *v.* PHILIP SUFFIN, Judgment Debtor.

County Court, Bronx County, April 8, 1925.

**Supplementary proceedings — application to vacate order of Bronx County Court directing judgment debtor to appear for examination in proceedings supplementary to execution — execution issued out of County Court of Bronx county in which county judgment debtor resides — execution originally issued out of Municipal Court, borough of Queens — Bronx County Court has jurisdiction of proceeding under Civil Practice Act, § 778.**

The County Court of Bronx county has jurisdiction of a judgment debtor, in proceedings supplementary to execution, pursuant to the provisions of section 778 of the Civil Practice Act, where the judgment debtor resided in said county and execution against him was issued out of the said County Court, though the execution originally was issued out of the Municipal Court of the City of New York, borough of Queens. A motion, therefore, to vacate an order of the said County Court directing said judgment debtor to appear for examination in said proceedings should be denied.

APPLICATION made by the judgment debtor to vacate an order of this court directing him to appear for examination on February 27, 1925, in proceedings supplementary to execution.

*Morris D. Silverstein*, for the judgment creditor, appearing specially.

*Albert A. Beregh*, for the judgment debtor.

COHN, J.:

The judgment debtor urges that this court has no jurisdiction to entertain these proceedings. It appears that on December 4,

1923, a judgment was duly rendered against the defendant, Philip Suffin, and in favor of the plaintiff, Isidore Solomon, for the sum of $880.90 in the Municipal Court of the City of New York, Borough of Queens; that an order was made before the County Court, Queens county, for the examination of the judgment debtor herein in supplementary proceedings, that this order was vacated, and upon appeal to the Appellate Division, Second Department (*Solomon* v. *Suffin*, 209 App. Div. 832), the order vacating said order in supplementary proceedings was sustained on the ground that the County Court, Queens county, had no jurisdiction in view of the fact that the defendant resided in the county of Bronx at the time the proceedings were instituted; that an execution upon said judgment was duly issued out of the County Court, Bronx county, on January 28, 1925, and on the 9th day of February, 1925, the judgment debtor was directed to appear for examination before a judge of this court on the 27th day of February, 1925; that the judgment debtor failed to appear on the said 27th day of February, 1925, but was represented by an attorney who makes this application to set aside the order for examination.

I am satisfied that this court had jurisdiction to order the examination of the judgment debtor in supplementary proceedings.

Section 778 of the Civil Practice Act sets forth before whom supplementary proceedings shall be instituted. The first part of this section is poorly punctuated. It reads as follows: " Either special proceeding authorized by this article may be instituted before a judge of the court out of which, or the county judge, the special county judge or the special surrogate, of the county to which the execution was issued, or where it was issued to the city and county of New York, from a court other than the city court of that city, before a justice of the supreme court for that city and county."

If a comma is inserted in this first sentence of this section, after the words " to which," the meaning of the sentence is quite clear. Supplementary proceedings by virtue of this section may be instituted before a judge of the court *out of which*, or the county judge of the county *to which* the execution was issued. (*Matter of Huber* v. *Moran-Greenberg Corporation*, 120 Misc. 104.) In this case the court out of which the execution was originally issued was the Municipal Court of the City of New York, Borough of Queens, Third District. But Municipal Courts have not jurisdiction to conduct supplementary proceedings. Such proceedings are in the nature of equitable actions, being substitutes for the old creditor's bill, as formerly used in chancery, and Municipal Courts have no equitable jurisdiction. (*Importers & Traders' Nat, Bank of New*

*York* v. *Quackenbush,* 143 N. Y. 567, 571; *Lynch* v. *Johnson,* 48 id. 27; *Kabat* v. *Lefkowitz,* 189 N. Y. Supp. 83.)

Execution in this case was also issued out of the County Court of Bronx county, Bronx county being the county where the judgment debtor resides. The county judge of Bronx county thus acquired jurisdiction to order this examination.

The judgment debtor urges that this court has not jurisdiction to order the examination of the judgment debtor herein because of the last sentence of section 778 of the Civil Practice Act. This sentence reads as follows: " Where the judgment upon which the execution was issued was recovered in a municipal court of the city of New York, either special proceeding shall be instituted before a justice of the city court of the city of New York or before the county judge of the county in which such municipal court district is located."

But this last sentence of section 778 can only apply in a case where the judgment debtor resides or has his place of business in the county where the Municipal Court judgment was obtained. (Civ. Prac. Act, § 787.)

However, where the judgment debtor does not reside or have his place of business in the county in which the Municipal Court judgment was obtained, then supplementary proceedings under the language of the first sentence of section 778 of the Civil Practice Act may be instituted before a judge of the court out of which or the county judge of the county to which, the execution was issued.

As the judgment debtor does not reside in the county in which the judgment was originally obtained, namely, Queens county, the last sentence of section 778 of the Civil Practice Act is inapplicable. In such an instance the first sentence of that section operates. The judgment creditor issued execution out of the County Court of Bronx county. The county judge of that county, therefore, has jurisdiction of these proceedings. There has been a literal compliance here with the requirements of section 778 of the Civil Practice Act.

The judgment debtor in failing to appear for examination in supplementary proceedings on February 27, 1925, is in default. The court will give him a further opportunity to appear for examination. He may appear to be examined before a judge of this court on Tuesday, April 17, 1925, at ten A. M. If he fails to do so, the judgment creditor may apply to this court for the proper relief.