In the Matter of Supplementary Proceedings: ALFRED L. HECHT, Appellant, *v.* HARRY A. SANGER, Respondent.

Supreme Court, Appellate Term, First Department, December 15, 1926.

Executions — supplementary proceedings — return unsatisfied of execution of Municipal Court of City of New York, issued to marshal thereof, pursuant to Civil Practice Act, § 775, subd. 4, is sufficient for institution of proceedings supplementary to execution — Legislature may establish any reasonable test as prerequisite.

The return unsatisfied of an execution of the Municipal Court of the City of New York, issued to a marshal thereof pursuant to subdivision 4 of section 775 of the Civil Practice Act, as added by Laws of 1922, chapter 550, is sufficient to authorize the institution of proceedings supplementary to execution.

The Legislature may properly establish any reasonable test as a prerequisite for the institution of supplementary proceedings, and it has done so in said statute by providing for the issuance of execution to a marshal of the Municipal Court of the City of New York.

Accordingly, an order of the City Court of the City of New York, granting a motion of the judgment debtor herein to set aside an order in supplementary proceedings and to vacate an attachment issued thereon against his person, predicated upon an execution and the return thereof unsatisfied by a marshal of the Municipal Court of the City of New York, must be reversed.

APPEAL by judgment creditor from an order of the City Court of the City of New York granting a motion of the judgment debtor to set aside an order in supplementary proceedings and to vacate an attachment issued thereon against the person of the judgment debtor.

*Meyer Marlow* [*Edwin J. Lukas* of counsel], for the appellant.

*Harry A. Sanger*, respondent in person.

BIJUR, J. The question raised on this appeal is as to the necessary prerequisites for supplementary proceedings on Municipal Court judgments. All parties concerned are residents of New

York county.  Prior to 1922 the correct practice as to such judgments was to file a transcript of the judgment with the county clerk, whereupon execution would have been issued to the sheriff of the county; if the execution was returned wholly or partly unsatisfied, supplementary proceedings would be instituted before a justice of the City Court, as provided in sections 775, 778 and 779 of the Civil Practice Act.  Section 775 covers the cases in which the judgment creditor may maintain these proceedings.  In 1922 the 4th subdivision was added by Laws of 1922, chapter 550.  It added the case where the execution was issued to a marshal.

The learned judge below appears to have been of opinion not that this language failed to authorize the institution of supplementary proceedings after return unsatisfied of an execution issued to a marshal only, but that because of other reasons the Legislature cannot be credited with that intention.  (126 Misc. 735.)  As I understand his opinion, he interprets *Importers & Traders' Nat. Bank* v. *Quackenbush* (143 N. Y. 567) as holding that supplementary proceedings cannot be maintained until the creditor has " exhausted all his legal remedies," and that the return unsatisfied of an execution which, as matter of law, could not be enforced against all of a debtor's property, is insufficient as a basis for such proceedings.  But in the case cited all the proceedings had taken place in the Supreme Court, and the Court of Appeals held merely that in view of the fact that supplementary proceedings were designed as a statutory substitute for, and patterned after, the old creditor's bill in chancery, maintainable only after the creditor had exhausted his legal remedies,— the word " execution " as used in the statute must be interpreted as an execution which was capable of such extensive enforcement; and that consequently where an execution issued fifteen years after recovery of the judgment, when it had thereby ceased to be a lien upon the realty of the debtor, the remedy at law would not be exhausted by a levy thereunder.  The decision was a mere interpretation of the significance of the word " execution " in a statute and was rendered in a case where no question of jurisdiction was even suggested.  There is, as I read the opinion, no intimation that the Legislature cannot properly and legally establish any reasonable test as a prerequisite for the institution of supplementary proceedings.  This it has done in the statute under discussion by providing that an unsatisfied execution issued to a marshal of the Municipal Court shall be sufficient.  (See *Matter of Rosen* v. *Polansky*, 121 Misc. 395.)  The further intimation of the judge below that if that were allowed the statute " would seem to be class legislation " is not further elaborated by him and does not seem to be persuasive, as the same criticism might apply

to all proceedings in the Municipal Court whereby litigants are facilitated in securing judgments over litigants in other courts and particularly the Supreme Court.

Order reversed, with ten dollars costs and disbursements, and motion denied.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.