OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated June 13,1980, and supporting affidavit, dated December 31, 1979, the movant seeks an order vacating this court’s order of July 31,1979 permitting Lenore B. Crabbe to change her name to Lenore B. Brown. The movant, not a party to the original petition, claims status to bring this motion to vacate pursuant to CPLR 5015.
Lenore B. Brown makes a special appearance solely to contest jurisdiction.
This motion was commenced when a notice of motion and supporting papers were served on Lenore B. Brown in the State of Wisconsin on June 19, 1980. Without dispute Lenore B. Brown has been a resident of Green Bay, Wisconsin, since September, 1979. There has been no allegation that Lenore B. Brown owns any property or that she conducts any business within the County of Saratoga or the State of New York.
*436 The issue to be decided is whether Lenore B. Brown is, on these facts, subject to the jurisdiction in personam of this court.
First, the movant doubtless has status to seek to vacate the order of this court. Pursuant to CPLR 5015, any interested person, though not a party to the original action, may bring a proceeding to vacate an order or judgment.
However, such an interested person is subject to the “third party finality principle”. According to that principle, “a motion which substantially affects the rights of a non-party is held to institute a separate special proceeding, although the identical motion as to a party would be considered merely another motion ‘in’ the action”. (1 Weinstein-Korn-Miller, NY Civ Prac, par 103.06; Belknap v Waters, 11 NY 477.) Because the movant was not in the original suit or action, she must serve the necessary papers as if she were instituting a new action, and the individual served must be subject to the court’s jurisdiction.
The facts as presented by the movant’s affidavit show no connection between this jurisdiction and Lenore B. Brown which would subject her to the power of the court.
Though it is true that in order to obtain a change of name, Lenore B. Brown submitted herself to the court’s jurisdiction ; that proceeding, however, was finally terminated 40 days after the order granting a change of name was signed. (Civil Rights Law, § 63.) No residue of jurisdiction from that proceeding remains.
It should be noted that the movant was allowed two weeks after the oral arguments to submit a memorandum of law on the issue of jurisdiction and has declined to do so.
Accordingly, the court finds that it lacks jurisdiction. The motion is, in all respects, denied.